THE CAROLINA CENTRAL RAILWAY COMPANY v. THE CITY OF WILMINGTON.

Section 10, Chap. 5, Private laws of 1868–'69,* which authorizes the Mayor and Aldermen of the city of Wilmington, from time to time, to assess the value of property within the city for taxation by the city, is unconstitutional. (Const. Art. 5, Sec. 3.)

ARTICLE VII, SEC. 9, of the Constitution, clearly implies that the valuation upon which city taxes are to be uniformly levied, is to be, that assessed by the Township Trustees.

CIVIL ACTION, for an Injunction, to restrain defendant from collecting taxes, tried before *Russell, J.,* at June Term, 1874, of NEW HANOVER Superior Court.

The plaintiff complained that the defendant threatened, and was about to enforce, the collection of a certain tax of $220, on its real estate, situated in the city, which the plaintiff insisted was illegal. The defendant insisted upon the legality of the tax and demanded immediate payment. The following are the facts agreed.

The city of Wilmington is embraced in the township of Wilmington. In 1873 all the real estate in the township of Wilmington was re-assessed for taxation. This assessment was made by three assessors appointed by the Board of Aldermen for the city of Wilmington, who acted together with the Township Board of Trustees. The real estate of the plaintiff,

---

*NOTE.—The 10th section of the Charter of Wilmington, reads :

SECTION 10. That the Mayor and Aldermen may cause an assessment of the real estate of the city at such times and times, and in such manner as they may deem expedient, and shall have power to tax all subjects of taxation, which are now liable to be taxed either by State or county under existing laws, or any laws that may be hereafter enacted ; and if any person shall render an account of their personal property liable to taxation, which, in the judgment of the Mayor and Aldermen, is below the value, it shall be the duty of said Mayor Aldermen to appoint three freeholders to assess and value the same, according to the true cash value of said property, and levy the tax according to said valuation, so made by said freeholders.

situated within the the city and township of Wilmington, was assessed at $46,000. When the valuation was returned to the Board of County Commissioners for the county of New Hanover, the Board revised the list, and upon complaint of plaintiff, reduced the valuation of said real estate from $46,000 to $35,000. The city claimed the right to collect the city taxes on the additional $11,000. Thereupon the plaintiff applied to the Board of Aldermen of the city of Wilmington, and made its written complaint, that the valuation of the property at $46,000 was excessive, and prayed that the same should be reduced, so as to correspond with the valuation made by the Board of County Commissioners.

Tne Board of Aldermen refused the prayer of the defendant.

The questions submitted to the Court upon this case, are as follows :

1. Have the Board of Aldermen the power to alter, in any way, the assessed value of the real estate within the city of Wilmington, when said real estate shall have been assessed for the purposes of taxation, by assessors appointed by the Board.

2. The Board of County Commissioners for New Hanover county, having revised the assessment of the real estate of the Carolina Central Railway Company, situated within the limits of the city, and having reduced the valuation thereof, upon the petition of said railway company, is their action binding upon the Board of Aldermen, and are they bound to make a corresponding reduction in the value of said real estate.

It was agreed that, if these questions were answered in the affirmative, or if the second question was answered in the affirmative, then judgment was to be given for the plaintiff for cost, and the defendant was to be perpetually restrained from collecting said tax. If the first question was answered in the affirmative, and the second in the negative, judgment was to be given for cost, in the discretion of the Court, and an order to be made, to defendant, to proceed to revise the said

assessment and reduce the same or not, as they may determine. If both questions were answered in the negative, then there was to be a judgment against the plaintiff for cost, and for $220, the whole amount of the taxes claimed.

The Court gave judgment against the plaintiff for cost and $220, the amount of the tax claimed.

*Smith & Strong*, for appellant.
*M. London*, contra.

RODMAN, J. The question is, whether a clause in the charter of the city of Wilmington, (Private Act 1868–'69, chap. 6, sec. 10,) which authorizes the Mayor and Aldermen of that city, from time to time, to assess the value of property within the city, for taxation by the city, is constitutional? We are of opinion that it is not. The Constitution, Art. V. sec. 3, provides that all property shall be taxed by *an uniform rule.* It is true that the Constitution is here especially providing for, and speaking in reference to, taxation by the State and counties, but the language is general enough to cover taxation by every municipal corporation having a power to tax. Art. VII, entitled " municipal corporations," after providing by sec. 6, that the Township Trustees should assess the taxable property of their townships, proceeds, in sec. 9, to enact, that all taxes levied by any county, city, town, or township shall be uniform and *ad valorem* upon all property, &c. This section, being placed where it is, clearly implies that the valuation upon which city taxes are to be uniformly levied, is to be that assessed by the Township Trustees.

Taxation cannot be " by an uniform rule " if each municipal corporation can assess the property liable to it at a different value. Every city must be either a township or part of one, and there can be no reason why the valuation of the Township Trustees should not suffice for city taxation, as it does for taxation by the State, county, and township. Valuations, by distinct authorities, are an unnecessary expense and annoyance

to the citizen. The more general in its application a law can be made, the more likely it is to be understood, remembered and obeyed. Special regulations, applying only within certain limited localities, serve only to perplex all but professional experts, and continues to oppress the ignorant.

The Mayor and Aldermen of Wilmington must be governed in their levy of city taxes, by the valuation of the Township Trustees.

PER CURIAM. Judgment below reversed, and judgment for the plaintiff according to the case agreed.