GEORGE W. COBB and others v. THE CORPORATION OF ELIZA-
BETH CITY.

It is not error in the Court below, in an action instituted against a munici--
pal corporation, for the purpose of restraining such corporation from
collecting an illegal tax, to allow all citizens, other than the original
plaintiff, to be made parties plaintiff.

An assessment of the property subject to taxation by a municipal corpora-
tion, made by the Mayor and Commissioners of such corporation, is void.
Such assessment, under the provisions of the Constitution, must be made
by the Township Board of Trustees.

All taxes must be levied as well on personal as on real property; and a levy
of tax upon real property alone, by a municipal corporation, is unconsti-
tutional and void.

In levying taxes, municipal corporations are bound by the limitations in
their charter, except for the purpose of paying debts lawfully incurred
before such limitation was enacted.

In the absence of a special contract to that effect, debts owing by a town
cannot be set off against a demand for town taxes.

(*Carolina Central Railway Co.* v. *City of Wilmington*, 72 N. C. Rep. 73;
*Wilson* v. *City of Charlotte*, 74 N. C. Rep. 748; *Weinstein* v. *Commissioners
of Newbern*, 72 N. C. Rep. 535; *Battle* v. *Thompson*, 65 N. C. Rep. 406,
cited and approved.)

PETITION for an *Injunction*, heard before EURE, J., at Cham-
bers, in PASQUOTANK County, October 25th, 1876.

The plaintiff, G. W. Cobb, suing in behalf of himself and the other tax-payers of the town of Elizabeth City, filed his complaint alleging substantially as follows:

1. That the town of Elizabeth City is a part of and embraced in Elizabeth City township, in the county of Pasquotank, but does not contain all the property within said township, and includes some property in Nixonton township.

2. In 1874, all the property in said township was reassessed for taxation by the Board of Trustees of said township, and the assessment so made was submitted to the Board of County Commissioners, and by them adopted.

3. The plaintiff and all other owners of real estate in said town, from that time to the present, have paid their County and State taxes upon said valuation.

4. No other assessment has since been made upon property within the corporate limits of said town by the Board of Township Trustees.

5. On the 21st day of June, 1875, at a regular meeting of the Board of Commissioners of said town, the following order was made: " Ordered, that the Mayor and Commissioners sit in their office on Thursday and Friday, the 24th and 25th inst., to assess the taxable value of the real estate within the corporate limits." In pursuance of said order the Mayor and Commissioners did meet and assess the real estate, situated in said town.

6. Said assessment was largely in excess of the assessment made as aforesaid by the Township Board of Trustees, and tax list thereupon have been placed in the hands of the town constable for collection.

7. In addition to this general tax, the Mayor and Commissioners have levied a special tax of thirty-five cents on the one hundred dollar valuation of property in said town, and have taken as the basis of taxation the assessment made by them as aforesaid.

8. Said special tax was not levied to pay the necessary expenses of the corporation, nor to pay indebtedness of the town existing prior to the adoption of the present Constitution.

9. The Commissioners of said town have levied said tax exclusively upon the property, and the constitutional limitation and equation has not been observed.

10. That no vote of the qualified voters of said town has. been taken, as to whether or not said special tax should be levied.

11. The constable of said township has threatened and is about to enforce the collection of this tax, and will do so unless restrained by an order of this Court, by a sale of the property of the plaintiff and others, to the irreparable injury of the tax-payers of said town.

12. That G. W. Cobb, the plaintiff, tendered to the constable, in payment of his special tax, corporation orders for the full amount thereof, but said officer refused to receive the orders in payment of said tax at more than seventy-five cents in the dollar of their face value.

13. The Commissioners of said town, declared the purpose of the special tax, was to pay off the indebtedness of the corporation existing prior to the 17th day of May, 1875, and the plaintiffs insist that these orders should be taken at their face value in payment of said tax.

Wherefore the plaintiffs pray, that an injunction may issue restraining the defendant, its agents, &c., from proceeding farther in the collection of the general tax levied upon the assessment of property, made by the Mayor and Commissioners of said town; and that they be ordered to collect upon the valuation made by the Township Board of Trustees of Elizabeth City and Nixonton townships. That they be restrained from the collection of the special tax of thirty-five cents on the one hundred dollars valuation, levied upon the assessment made by the Mayor and Commissioners

of said town. That if said tax is allowed to be collected, the defendants be ordered to receive in payment thereof orders of the corporation at their face value.

Upon the filing of this complaint and upon motion of the plaintiffs' counsel, an order was issued restraining the defendant from farther proceeding in the collection of the taxes, as prayed for in the complaint, and requiring the defendants to show cause on Monday, the 25th day of October, 1875, at Hertford, in said judicial district, before his Honor M. L. Eure, why the prayer of the complaint for a perpetual injunction should not be granted.

The defendants appeared and filed an answer substantially as follows :.

Admitted that an assessment was made by the Township Board of Trustees, as alleged, for the purpose of State and County taxation, but not for corporation purposes.

Admitted that the assessment was made by the Mayor and Board of Commissioners, as alleged, but averred that the act admitted was one expressly required to be done, by the corporate authorities of said town by its charter, ratified by the General Assembly of North Carolina, on the 25th day of December, 1852. That the same authority is vested in said corporation, as provided for in Revised Code, chap. 111, sec. 19. That the charter of said town expressly requires " That said Mayor and Commissioners shall assess or cause to be assessed, the real estate in said town, in the month of February, 1853, and re-assessed every five years thereafter, and they shall annually assess all improvements made since the preceding assessment and not assessed therein."

Admits that the assessment, made by the Mayor and Commissioners, was slightly in excess of that made by the Township Board of Trustees, but avers that this arose mainly from the fact that said Board failed to assess a considerable quantity of real estate in said town, which real estate, omit-

ted in their assessment, was included in the assessment of the Mayor and Commissioners.

Avers that said special tax was properly and rightfully levied by virtue of chap. 189, Acts of 1874–'75 ; by virtue of the charter of the town, and by the law of the State.

Admits that said special tax was not levied to pay debts of the corporation existing prior to the adoption of the present Constitution, but avers that said tax was levied to pay the necessary expenses of the corporation.

Admits that said tax has been levied upon property exclusively, but avers that it was not required that the tax should be levied otherwise than has been done; that by the charter, the property permitted to be taxed, is the real estate of the citizens of the town ; a poll tax is also permitted, but that has long since been abrogated, and the male citizens, subject to poll tax, are required to work on the streets of the town in lieu thereof.

That the voters of the town were not called upon to vote upon the special tax complained of; and defendants aver that the same was not necessary or required ; that the tax was for the necessary expenses of said corporation ; that special authority therefor was given by the General Assembly, and the same is, in all respects, regular and proper.

Denies that the collection of said taxes will be an irreparable wrong to the tax payers of said town, and avers that its collection will greatly benefit them, as it is intended to pay the debt of the town, and thereby relieve it of financial embarrassment, and restore its credit.

For a further defense, the defendant denies that any attempt has been or will be made to collect any part of said tax from the plaintiff, Cobb, by a sale of his property, as alleged, or otherwise, and avers that said plaintiff is not the owner of any real estate in said town ; that his name does not appear on the corporation tax list; that not being a tax-payer, he has no interest whatever in the tax com-

plained of, and cannot, in any way, be damaged by its collection; that he is improperly made party plaintiff in this action.

If it be true, as alleged, that said officer refused to receive corporation orders in payment of said tax, at more than seventy-five cents in the dollar of their face value, it is no cause of complaint, the tax lists being an execution, its payment could have been demanded in money, and the offer to take orders in payment at seventy-five cents in the dollar, was merely a favor, specially allowed by the act of Assembly, authorizing the tax."

The defendants filed an affidavit setting forth that George W. Cobb, the only plaintiff whose name was written out in the complaint, was not a tax-payer in the town of Elizabeth City. The plaintiff offered to file a counter affidavit, but at the suggestion of the Court this was dispensed with, and the oral statement of James D. Whedbee, counsel in the cause, was taken.

Upon the testimony offered the Court found the following facts: That George W. Cobb did pay poll-tax to the town of Elizabeth City, by being subject to work the streets, that being substituted for city poll-tax, and was therefore a taxpayer. That G. W. Brooks, John A. Raper, C. C. Allen and others, all owners of property and tax-payers within said town, had directed this suit to be brought, and by a paper writing had bound themselves to pay their proportionate share of the cost; and thereupon his Honor allowed the said parties to be made parties plaintiff. The defendant excepted.

Upon the intimation of his Honor, that enough appeared upon the pleadings and facts proven, to authorize the Court to grant the injunction prayed for, the defendant's counsel requested his Honor to allow them to collect the tax upon the valuation of property by the Township Board of Trustees, and so modify his order issued in the cause.

COBB and others *v.* THE CORPORATION OF ELIZABETH CITY.

The Court refused the motion and continued the restraining order until the hearing. From this judgment the defendants appealed.

*W. F. Poole*, for the appellant.
*Gilliam & Pruden*, contra.

RODMAN, J. 1. We think the amendment made by the Judge, by permitting other taxpayers to be joined as plaintiffs, was within his power and was proper.

2. It is decided in *Carolina Central R. W. Co. v. City of Wilmington*, 72 N. C. Rep., 73, that any provision in the charter of a town, whereby the town officers are authorized to value the property in the town for taxation, is superceded by the provision in the Constitution, that the Township Trustees shall value all the property of the township, subject to the revision of the County Commissioners. The town authorities must accept the valuation thus made. The valuation complained of was therefore void, and so was the tax levied on the basis of it.

3. Art. VII, sec. 9, of the Constitution, says, "All taxes levied by any county, city, town or township shall be uniform and *ad valorem* upon all *property* in the same, except property exempted by this Constitution." All taxes, therefore, must be levied as well on personal as on real property, notwithstanding any contrary provision in the charter. The word "property" includes bonds, stocks, solvent notes, &c. *Wilson* v. *City of Charlotte*, 74 N. C. Rep., 748.

4. The town officers in their levying of taxes are bound by the limitation in the charter, except for the sole and express purpose of paying debts lawfully incurred before such limitation was enacted. In levying within such limit they must observe the proportion between property and polls fixed by the Constitution. *Weinstein* v. *Commissioners of Newbern*, 72 N. C. Rep., 536.

5. Debts owing by the town corporation, in whatever form they may be evidenced, cannot be set off against a demand for town taxes, unless there be a special contract to that effect. *Battle v. Thompson*, 65 *N. C.*, 406.

The above are all the questions presented for our consideration in this case, and it will be seen that they have all been heretofore considered and decided.

There is no error in the judgment below, continuing the injunction to the hearing, and it is affirmed. Case remanded.

Let this opinion be certified.

PER CURIAM.                          Judgment affirmed.