No. 5956.

### THE CITY OF NEW ORLEANS vs. JOHN DAVIDSON ET AL.

A debt due to a municipal corporation for *taxes*, can not be offset, or compensated, by any debt due by the corporation. Thus the tax due for one year, can not be compensated by an overpayment of taxes made by the debtor the year previous.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J.*

*Sam. P. Blanc* for plaintiff and appellee.

*Ogden & Hill* for defendants and appellants.

The opinion of the court was delivered by

MANNING, C. J. Several suits of the City of New Orleans against delinquent taxpayers are here cumulated without objection. The collection of the taxes of 1874 was resisted on various grounds, of which one only is now insisted on: viz that each defendant is entitled to offset any tax which he may owe the City, by the sum he paid to its tax collectors for taxes of 1870 in excess of two per centum on the assessed value of his property.

In 1870 the City assessed and collected a tax of two and three eighths per cent. on the assessed value of property. The act of March 16, 1870 restricted cities and municipal corporations from levying any tax for any purpose exceeding two per centum on that value. Acts 1870, ex. sess. p. 130. The defendant paid the whole assessed tax of 1870, and therefore, as they allege, paid three eighths of one per cent. more than the City should have demanded. In these cases, this excess amounted to $1,641.36. The defendants plead that sum in compensation of the taxes of 1874.

A tax is not a debt in the usual and ordinary sense of that word. It is not a contract between two parties, but the imposition of a tax is the positive act of the government, binding upon the inhabitants, and does not require their individual or personal consent to enable it to be enforced. Taxes are not demands against which a set-off is admissible, says Cooley. Taxation, 13 and authorities cited in note. They are to be regarded not as a debt, but as a contribution required from the citizen for the support of government. Union Co. v. Bordelon, 7 Annual, 192. Considerations of public policy require that a tax of one year should not be compensated by an overpayment of a previous year. The taxes of each year are laid to meet the exigencies of that year. If they could be reduced by a deduction of such sums as had been already wrongfully demanded and paid, the revenues requisite for the support of government might be diminished so largely as to occasion public

detriment. But outside of this public policy, as a matter of law, taxes are not such demands as admit of a plea in compensation.

This does not of course touch the question of the right of the property owner, who has paid to the City a tax illegally exacted of him, to sue for such sum as was wrongfully paid. We are here concerned only with his alleged right to compel the City to compensate her tax of one year by an overpayment of a previous year, and this is condemned both by law and public policy.

Judgments affirmed.