Scobey v. Decatur County et al.

---

No. 4958.

## SCOBEY v. DECATUR COUNTY ET AL.

TAXES.—*Set-Off.*—A set-off can not prevail against taxes levied for general or local governmental purposes.

SAME.—*Injunction.*—One can not enjoin the collection of taxes assessed against him upon the ground that the county is indebted to him in a sum in excess of such taxes.

SAME.—*County Commissioners.*—*Contract.*—County commissioners have no power to declare, even by express contract, one's taxes paid before they are assessed against him.

PRACTICE.—*New Trial.*—*Evidence.*—*Supreme Court.*—The Supreme Court will not examine a ruling of the trial court excluding evidence, unless such ruling is assigned as a cause for a new trial, in the motion therefor.

SAME.—The sufficiency of the evidence to sustain the finding is not presented by the assignment as a cause for a new trial, that the finding of the court is contrary to law.

From the Decatur Circuit Court.

*J. S. Scobey*, for appellant.

*W. B. Wilson*, for appellees.

ELLIOTT, J.—This cause was tried upon an issue made by an answer of general denial to the complaint of appellant, who was the plaintiff below. The appellees recovered judgment for costs.

The only error assigned is the ruling of the court denying

appellant's motion for a new trial. Appellant asks us to examine a ruling made by the circuit court, excluding evidence offered by him, but this we can not do, because the motion for a new trial does not even refer to the ruling excluding the evidence. Under the often repeated decisions of this court, we can not examine a ruling excluding evidence unless the ruling is assigned as a ground for a new trial. *Bibbler* v. *Walker*, 69 Ind. 362.

The claim of the county was for taxes, and appellant insisted, by his complaint and evidence, that the county owed him a large sum in excess of the taxes, and that he had, therefore, a right to enjoin their collection. Even if the evidence fully supported the appellant's theory, that his claim exceeded the taxes due the county, it could not be set off against the taxes. It is settled law that a set-off can not prevail against taxes levied for general or local governmental purposes. Cooley Taxation, 13. The county commissioners could have no power to declare, even by express contract, a man's taxes paid before they were assessed, and certainly merely ministerial officers, such as the treasurer and auditor, would have no such authority. But, however this may be, we think the evidence entirely fails to show an express agreement stipulating for the payment of appellant's taxes by the claim held by him against the county.

The appellant has earnestly asked us to examine the evidence, but this we will not be warranted in doing, for his motion for a new trial does not assail the finding upon the ground that it was not sustained by the evidence. Two reasons only are assigned, and they are stated in the following language: "1st. Because the finding of the court is contrary to the law. 2d. Because, on the law and the evidence, the finding and judgment of the court should be in favor of the plaintiff." The first reason is the only one recognized by our code, and it does not present the question of the sufficiency of the evidence to sustain the finding. The only

question which this assignment presents is, whether the decision is in accordance with the general rules of law. If there be evidence bringing the case within the general rules of law, then, under the reason assigned, the motion must be overruled, for no other question is made by such assignment of cause than that the finding conflicts with the general principles of law. *Anderson* v. *Donnell*, 66 Ind. 150, 160.

Judgment affirmed.

Petition for a rehearing overruled.