THE STATE, USE, ETC., *v.* R. W. BANKS ET AL.

1. COUNTY CONTRACTOR. *Liability for fine and costs. Escape or pardon of convict.*
    Under the statute the obligation of the contractor to pay the fine, costs and jail fees of a county prisoner delivered to him is absolute, except only in case of the death of the convict. An escape without fault of the contractor, or the pardon of a convict before performing labor, does not relieve the contractor from liability.

2. PLEA OF SET-OFF AGAINST COUNTY. *Must show rejection by supervisors.*
    In a suit by a county, a plea of set-off is bad which fails to show that the claim sought to be set-off has been presented to the board of supervisors, and rejected. Code 1880, § 2175 ; *Lawrence Co.* v. *Brookhaven*, 51 Miss. 68.

3. SAME. *Plea of payment. Must show authority of person receiving payment.*
    Such a plea, treated as a plea of payment, is insufficient, it not being shown that the persons to whom the alleged payments were made had authority to receive the same for the county.

FROM the circuit court of Lowndes county.

HON. LOCK E. HOUSTON, Judge.

The opinion of the court contains a statement of the case.

*Foote & Foote,* for appellant.

1, The law required the county contractor to settle with the

clerk of the board of supervisors, who is county auditor, and obtain his receipt warrant, to pay the amount due by him into the county treasury, and he is to pay the money accordingly. On doing this he is entitled to credit. In no other way can he get it. Code 1880, §§ 3158, 3161. This is a wise provision. It prevents speculation and holds the officer to a prompt and strict account. The plea of payment does not show a compliance with this statute, and therefore the demurrer to it should have been sustained.

2. As to the convicts who were pardoned, it may be that the contractor was entitled to credit after the pardons were granted; but this is questionable. Certainly the plea should show whether labor had been performed by these prisoners prior to being pardoned. The defendant was in any event liable for the time that these prisoners actually labored.

3. The record shows that the prisoners, Johnson and Davis, were carried to Meridian, in another district, where they escaped from the contractor. But no matter where or how they escaped, the contractor is not relieved of liability. Only the death of a prisoner, without the contractor's fault, relieves him. Code, §§ 3152, 3153. As in the case of a sheriff, he is excused by the escape of a prisoner only where it is caused by the act of God or other irresistible force. *Shattuck* v. *The State*, 51 Miss. 575. The statute charges the contractor in case of every prisoner delivered to him. Death of the prisoner, only, relieves him from this liability. Code, § 3167. This is the only exception given by the statute, and it negatives all others. To relieve the contractor in any other case, is to violate the letter and the policy of the law.

*M. R. Butler*, district-attorney, on same side.

*Orr & Sims*, for appellees.

It is the duty of a sheriff to keep his prisoner *in jail;* it is the duty of a county contractor *not* to keep prisoners in jail. Hence the principle involved in the case of *Shattuck* v. *The State* has no application here.

The pardon of some of the prisoners was a contingency by which the contractor was injured, and it is not provided for by the statute. *The contract* by which Banks took the prisoners was broken by the

pardon, and this released him entirely from paying the fine and costs.

The policy of the law is to punish convicts of misdemeanors at small cost to the county, but in a humane manner. The contractor makes his arrangements for keeping prisoners, and it is unjust to him to deprive him of his laborers, and charge him notwithstanding.

The contract is an entirety, and when it is annulled by the pardoning power, it is neither just nor lawful to state an account, and hold the contractor liable for the labor during any part of the time.

Two of the prisoners escaped before rendering any service whatever. The plea which was demurred to sets up that the escape was "*forcible,*" the defendant "*using every possible care and caution ;*" that the prisoners broke jail where they were temporarily confined, and fled. This sets up a good defense, and if such a defense had been made in the Shattuck case, it would have availed the sheriff.

Escapes are contemplated by the statute, and the whole penalty against the contractor in a case like this is given by § 3154 of the code, which provides that he shall be liable for all the expenses of recapture.

If Banks is liable for the fine and costs, he satisfies the record, and the convicts go free. A subsequent contractor, on recapturing the parties, could not work them, for the record would be satisfied.

These escaped prisoners are yet liable to the county for their fines and costs, and, if captured, may be compelled to labor. A construction that would impose the penalty for their crimes on Banks would be monstrous.

The bill of exceptions sets out none of the testimony. The court will presume that the plea of payment was sustained, and that the court below ruled properly. No error is shown in overruling the motion for a new trial, and the judgment should not be disturbed.

*Humphries & Sykes,* on the same side.

1. In the case of *Shattuck* v. *The State,* the court was dealing with a sheriff who was indicted for an escape. The prisoners intrusted to such officers are often felons, dangerous to society, and the sheriff is provided with a jail and guards at the public expense,

and is therefore required to safely keep the persons put in his custody. Even in that case the court thought the penalty imposed by the constitution harsh.

No such rule applied to the defendant in this case for the following reasons : He is not a constitutional officer, and he has not been indicted. The law does not impose a similar penalty. Prisoners in his custody are only there for misdemeanors, and it is not the policy of the state to surround them with like safeguards, or to deal so rigorously with them as in case of felons. The contractor has no jail, and may not employ guards at the public expense. A law giving him these would be inexpedient and burdensome to the county. The persons in the custody of the contractor are not of that class considered dangerous to society. A very severe penalty is provided for aiding a felon to escape, because a felon at large endangers society. Not so in cases of persons convicted of misdemeanors. Hence we contend there is no analogy between the case of a sheriff under indictment and this case.

Section 3154, code 1880, provides how a county contractor shall keep his prisoners, and fixes the only penalty for an escape—payment of the expenses of capture and return. Plaintiff below did not proceed under this section, but sought to hold defendant liable for labor that was never performed.

The statute provides that a prisoner shall be compelled to labor for the contractor ; that if he escapes he shall be liable to punishment, and upon recapture he is still liable to work out his fine and costs. All this contemplates that the fine and costs are to come out of the prisoners, and never out of the contractor in a case like this. Construing the different provisions of the statute all together, it is the manifest purpose to charge the contractor in the first instance with the fines and costs of all the prisoners, and that he shall be entitled to credit for the fine and cost of prisoners who die and of those who fail to labor for other unavoidable cause not attributable to the negligence of the contractor. It was simply intended to require him to pay for services rendered.

Notwithstanding the credit given, the sheriff is not discharged from further effort to make the collection. Code 1880, § 544.

If the prisoner escapes, when recaptured either by the contractor or his successor in office, he is required to work out the penalty; and this in addition to the penalty for the escape.

2. The effect of the pardon was to relieve the prisoners from paying the fine and costs, and this released the contractor. The county was then not entitled to receive anything. Code 1880, §§ 3162, 3165. Under these sections, if the prisoner has worked out part of the fine and costs before the pardon, the contractor gets the benefit of this, the latter section showing that it is the intention of the law to make its conditions favorable to the contractor who complies with its provisions. Although the civil liability of a pardoned convict for costs continues, yet he cannot be held in confinement to compel payment of such costs. *Ex parte Gregory*, 56 Miss. 164; *Phillips* v. *State*, 58 Miss. 579.

The record shows that the county had been largely overpaid.

COOPER, J., delivered the opinion of the court.

This is a suit brought by the state for the use of Noxubee county against the contractor for county prisoners, R. W. Banks, and the sureties upon his official bond. The declaration, after setting out the bond upon which suit is brought, assigns as breach thereof that certain prisoners, whose fines and costs adjudged against them amounted in the aggregate to the sum of two thousand eight hundred and eighteen dollars and sixty-five cents, were delivered by the proper officers to the contractor, who thereby became liable to pay to said county said sum, but that he has only paid the sum of one thousand six hundred and eighty-four dollars and ninety-five cents, part thereof, leaving due and unpaid the sum of one thousand one hundred and thirty-three dollars and seventy cents. The defendants, among other things, pleaded that the said Banks was not chargeable with certain items in the account filed with the declaration, viz.: with the item of one hundred and forty-six dollars and seventy-five cents charged as the fine and costs due by one Fed. Davis, nor with the item of one hundred and fifty-six dollars and seventy-five cents as the fine and costs due by June Johnson, nor with the item of three hundred and sixty-two dollars and sixty-two

cents charged as the fine and costs due by Robert Morris, nor with
the item of three hundred and nine dollars and fifty-five cents
charged as the fine and costs due by Count Nicholson, for the reason
that the said Fed. Davis and June Johnson immediately after they
had been delivered to the said contractor escaped from his custody
without his fault or negligence, not having performed any labor
for said contractor, and as to the fine and costs charged agaist Rob-
ert Morris and Count Nicholson for the reason that said persons
were pardoned by the governor of the state and released from cus-
tody before they or either of them had worked out the fine and costs
charged against them respectively.  To this plea a demurrer was
interposed by the state which was overruled.  This action of the
court presents the first assignment of error.

The demurrer should have been sustained.

By the contract made between the county of Noxubee and the
contractor, Banks, he became and was liable to pay to the county
the fine and costs of all persons convicted of misdemeanors, upon
delivery to him of such persons by the proper officer of the county,
or upon notification by such officer that such persons were " sub-
ject " to his control.  By § 3158 of the code it is made the duty of
the sheriff on delivering prisoners to the contractor to take his
receipts in duplicate, and to deliver one of them to the clerk of the
board of supervisors, " with a true statement of the amount of the
fine, if any, due in each case, and all costs, including jail fees due
from such prisoners, and such clerk shall charge such contractor on
the book kept by him for such purposes with the amount of the
fine and costs, including jail fees, in each case, and shall credit the
sheriff accordingly."

Section 3161 declares that, " on or before the first Monday of June
and December of each year, the said contractor shall obtain from the
clerk of the board of supervisors of the county his receipt-warrant
for payment into the county treasury of the amount of his liability
on account of prisoners delivered, or offered to be delivered to him
by the sheriff of the county, prior to that time, and shall make
payment of said amount at once into the county treasury, failing
in which, suit shall be brought on his bond, which shall be

triable at the first term of the court, and shall be a preference case."

By § 3150 it is provided that the county contractor shall not be bound to receive any convict who, from bodily infirmity, apparently permanent, shall be unable to labor, and by § 3167 it is provided that upon the death of a convict without fault of the contractor, he shall be relieved from liability to pay a greater sum for the fine and costs of the deceased convict than the value of his labor up to the time of his death, computed under the act.

Section 3162 declares that any prisoner sentenced to imprisonment as a punishment for his offense shall labor for the contractor during that time without compensation, and shall also labor for him at a compensation fixed by the act until he shall pay thereby the full amount of the liability of the contractor for fine, costs, and jail fees on his account.

These sections of the code, contained in the chapter in relation to contractors for county prisoners, indicate the terms on which the labor of the convicts is secured by one desiring to contract therefor. The contractor becomes instantly liable for all fines, costs, and jail fees upon delivery of the convict, and must semi-annually obtain from the clerk of the board of supervisors a pay warrant for the sum charged against him on the books of such clerk, and pay the sum into the treasury of the county. The single exception contained in the law by which the contractor is relieved of liability to pay the fine, costs and jail fees of a prisoner committed to his custody, is the event of the death of the convict; in all other cases he must, under the law, which is a part of his contract, pay into the treasury the full sum charged against the convict. Neither an escape nor a pardon is specified as a ground upon which the contractor is to be absolved from his obligation to pay. The county and the contractor must be held to contract with reference to the constitutional power of the governor to pardon, and of the danger of occasional escapes. It is not to be supposed that either pardons or escapes will be of frequent occurrence, and we must assume that the contractor in securing the labor of all convicts free of charge for the terms for which they may be sentenced as a part of their

punishment, is more than recompensed for the occasional losses he will incur by reason of the pardon of the convict before he shall work out the amount of his fine and costs. In any event, there is no provision of law relieving the contractor from liability in such cases, and the courts cannot supply the defect (if it be a defect) by adding a new provision to the law.

The plea of set-off is not maintained. It does not appear that the account sought to be set off had ever been presented to the board of supervisors for allowance and rejected. It is only after a claim has been so rejected that an action may be maintained against the county. Code, § 2175; *Lawrence Co.* v. *Brookhaven,* 51 Miss. 68.

Treating the plea as one of payment instead of set-off, it is invalid, because no right or authority is shown in the persons to whom the sums were paid to receive the same.

*The judgment is reversed, the demurrer of the county sustained, and cause remanded.*