THE PEOPLE *ex rel.* Charles B. Graff, County Collector, Appellant, *vs.* THE CHICAGO AND ALTON RAILROAD COMPANY, Appellee.

*Opinion filed December 21, 1910.*

1. TAXES—*certificate to county clerk need not show that damages for roads and ditches have been agreed upon or allowed.* The allowance by the road commissioners of damages for road and ditch purposes should precede the certification of the rate by the clerk of the road district to the county clerk, but the certificate to the county clerk need not show that such damages have been agreed upon or allowed, as, in the absence of proof to the contrary, it will be presumed that the road commissioners did their duty.

2. The case of *People v. Chicago, Burlington and Quincy Railroad Co. (ante,* p. 340,) is decisive of the other questions herein involved.

APPEAL from the County Court of Morgan county; the Hon. THOMAS HENSHAW, Judge, presiding.

ROBERT TILTON, State's Attorney, BELLATTI, BARNES & BELLATTI, and M. T. LAYMAN, for appellant.

KIRBY & WILSON, (WINSTON, PAYNE, STRAWN & SHAW, of counsel,) for appellee.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

This is an appeal by the collector of taxes for Morgan county from a judgment of the county court refusing judgment for certain taxes assessed against the Chicago and Alton Railroad Company. In obedience to a peremptory *mandamus* the county clerk extended the taxes under the law as it existed prior to July 1, 1909. The *mandamus* was awarded upon the theory that the amendatory act of 1909 was unconstitutional.

The most important question in this case, and the one that is conclusive of all matters involved except one in re-

lation to an item of road tax in road district No. 10, is as to the effect of the judgment in the *mandamus* proceeding as an estoppel against the railroad company to question the legality of the acts of the clerk done in obedience to the *mandamus*. This precise question has already had the consideration of this court at the present term in the case of *People* v. *Chicago, Burlington and Quincy Railroad Co.* (*ante,* p. 340,) and the conclusion there reached was, that there is no privity between the county clerk and the taxpayers so as to make a judgment against the former *res judicata* as to the latter. What is said in that case is conclusive of the same question here.

In road district No. 10 a levy of ten cents on $100 was made upon the property of said district to liquidate road and ditch damages. Objection was interposed by appellee to this item of taxes because the certificate of the clerk of the road district did not show that any damages for road and ditch purposes had been agreed upon or allowed. The objection is not that no damages had been agreed upon or allowed on account of roads or ditches, but that the certificate of the clerk of the road district did not state that any damages had been allowed. Section 64 (paragraph 190) of chapter 121 of Hurd's Statutes of 1909 provides that when damages or benefits have been agreed upon, allowed or awarded for laying out, widening, altering or vacating roads, or for ditching or leveeing to drain or protect roads, the amount of such damages or benefits, or of any installment or installments thereof, not to exceed for any one year twelve cents on each $100 of the taxable property of the town or road district, shall be included in the first succeeding tax levy provided for in section 62 (paragraph 188) of the act, and shall be in addition to the levy for road and bridge purposes. Section 62 of said act provides that the road commissioners shall at their September meeting determine what per cent shall be levied on the property of the district for roads and bridges, which shall not exceed thirty

cents on each $100. Section 63 (paragraph 189) of said act provides that the commissioners shall at said meeting make a certificate of the rate percentum finally agreed upon by virtue of section 62, and cause such certificate to be delivered to the district clerk, to be by him kept on file for the inspection of the inhabitants of said district. Said section 63 requires the clerk of the district to certify said levy to the county clerk, to be by him extended, etc. There is nothing in the statute requiring the clerk of the road district to set out in his certificate to the county clerk the evidence that may be on file in his office showing that the antecedent steps have been taken. The statute provides a means of informing the tax-payers of the rate percentum and the purposes for which taxes are being levied, by the certificate of the commissioners of the district. This certificate is kept on file in the taxing district for the convenient information of the tax-payers. The certificate that goes to the county clerk is for his information in extending the taxes, and is not intended to give the public information respecting the purposes, in detail, for which the taxes are being levied. The allowance by the commissioners of damages should precede the certification of rates by the clerk. In the absence of proof to the contrary it will be presumed, in support of the tax, that the commissioners did their duty. The failure of the clerk to state in his certificate that such damages had been allowed or agreed upon is no evidence that none had been, in fact, allowed or agreed upon. The court erred in sustaining objections to the road district tax in district No. 10.

Appellee assigns a cross-error upon the refusal of the court to credit the balance due on park taxes with the excess paid by appellee through mistake on the library tax. There is no ground upon which the cross-error can be sustained. *People* v. *Chicago, Burlington and Quincy Railroad Co. supra.*

For the error in refusing judgment for a part of the road and bridge tax in road district No. 10 the judgment of the county court is reversed and the cause remanded, with directions to overrule the objection to the road and bridge tax and enter judgment therefor.

*Reversed and remanded, with directions.*