SOMMERVILLE, J.
The Court of Appeal, after quoting certain provisions of the revenue statute, which provide that, in all cases where the tax collector cannot make a seizure of personal property liable for the tax assessed against the owner, he shall have the power to seize any other property belonging to the tax debtor, proceed to say:
“These provisions of law would indicate that the Constitution and the act of 1898 intended to make the tax a personal debt.
“If it was a personal debt of the partnership, then it became a personal debt of the partner, and each partner became a tax debtor for the whole amount. * * *
“We come to the conclusion that the tax due by the partnership is due in the same manner by the members of the partnership, and that his individual property may be seized to pay it, on the failure, of the partnership to pay, or to produce the property, or other sufficient property. Members of a partnership cannot take advantage of their own wrong by concealing, parting with, or disposing of the property of the partnership to evade the payment of the tax.”
And the injunction sued out by plaintiff to prevent the tax collector from seizing and selling a certain automobile, the personal and individual property of plaintiff, was dissolved.
It appears that Converse & Co., of which plaintiff was a partner, were tax debtors to the state on property of which the collector could not get possession.
If taxes could be properly denominated “debts,” we would be constrained to hold with the Court of Appeal that plaintiff, being a member of the commercial firm of Converse & Co., was liable in solido for the *622 tax due by that partnership; but we have held to the contrary in several cases. We have said that taxes are not debts, in the ordinary acceptation of that term; they cannot be seized, sold, or compensated. Geren v. Gruber, 26 La. Ann. 694; City of Shreveport v. Gregg & Ford, 28 La. Ann. 836; City v. Davidson, 30 La. Ann. 541, 31 Am. Rep. 228; Schmidt v. City, 33 La. Ann. 17; Morris v. Lalaurie, 39 La. Ann. 47, 1 South. 659.
The remedy for collecting taxes is with the Legislature. It is usually severe, and its terms are to be strictly complied with by the officers charged with the collection of taxes. The Constitution provides that:
“Taxes on movables shall be collected by seizure and sale of the movable property of the delinquent.”
And the revenue statute provides .that, if the tax collector cannot seize the personal property which has been assessed, he may seize any other property belonging to the tax debtor. But there is no authority for seizing any property for delinquent taxes which belongs to any other person than the tax debtor. In this case the evidence shows that plaintiff is the owner of the automobile which has been seized; that he has paid the taxes due thereon; and that it is not the property of the delinquent tax debtor, Converse & Co. He (the tax collector) was without legal authority to seize the property of plaintiff in this cause for the tax due by the partnership of which the latter was .a member.
It Is therefore ordered, adjudged, and decreed that the judgments of the Court of Appeal and of the district court be annulled, avoided and reversed; and it is now ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Harry H. Converse, and against John Fitzpatrick, state tax collector, maintaining and perpetuating the preliminary injunction issued in this cause; and further decreeing that the automobile seized by defendant is the property of petitioner, and free from any tax in favor of the state of Louisiana due by Converse & Co., with costs in all courts.