(81 South. 562)

SHELTON, Tax Collector, et al. v. BLOUNT COUNTY.    (6 Div. 763.)

(Supreme Court of Alabama.    April 10, 1919.)

1. TAXATION ⬤⟾557(1) — ACCOUNTS OF TAX COLLECTOR — CREDITING PREVIOUS EXCESS PAYMENTS TO TREASURER.

In view of Code 1907, §§ 2200, 2204, relating to monthly reports and payment of county taxes, the account of a tax collector for one year is detached from his account for an ensuing year, and is in no sense single or continuous, so that an excess paid into the county treasury in one year cannot be applied as a credit on a fund due to be accounted for in the ensuing year.

2. TAXATION ⬤⟾557(1)—TAX COLLECTOR—ACCOUNTING.

Taxes collected for one year cannot be applied as a credit on a fund due to be accounted for by a tax collector for any other year, but must be paid and credited as for the year for which they were collected.

3. COUNTIES ⬤⟾213 — ACTIONS — SET-OFF AGAINST COUNTY—PRESENTATION OF CLAIM.

A tax collector's mistake, in excess payment to county treasurer over and above what he was accountable for for a certain year, became a distinct claim for money had and received by county to use of collector, and, in action against collector and his bondsmen for taxes collected the following year, the collector could not set up such overpayment in recoupment or otherwise, the same not having been presented to the board of county commissioners for allowance or rejection, as required by Code 1907, § 147, in view of section 2472, forbidding suits against a county until claim sued on has been duly presented.

4. TAXATION ⬤⟾565—ACTIONS AGAINST COLLECTOR—FAILURE TO PAY TAX COLLECTED—RECOUPMENT.

In suits against a tax collector for county taxes collected, but not paid to the county treasurer, it is no defense that collector had through mistake the year previous made an excess payment to county treasurer over and above what he was accountable for for that year.

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. TAXATION ☞527 — TAXES — CLAIMS AGAINST STATE OR MUNICIPALITY.**

A tax debtor can never be allowed to set off against his taxes a claim against the state or municipality.

**6. TAXATION ☞527—OVERPAYMENT—CREDIT ON SUCCEEDING YEAR.**

A tax due for one year cannot be satisfied by an overpayment of taxes made the previous year.

Appeal from Circuit Court, Blount County; John C. Pugh, Judge.

Action by Blount County against W. J. Shelton, Tax Collector, and his official bond, for taxes alleged to be due. Judgment for plaintiff, and defendants appeal. Affirmed.

The action was for a breach of the bond and failing to pay over to the county treasurer $4,000 for county taxes collected for the year beginning October 1, 1916. By a number of special pleas defendant set up the fact that the defendant tax collector by mistake paid over to the county treasurer for the tax year 1915 an excess of $4,000 above the taxes collected and due the county for that year, and that the money now sued for is withheld from the tax collector for the year 1915 merely as reimbursement for said previous excess payment. The form of the several pleas is respectively for set-off and recoupment, and they allege that the excess thus paid went into the county treasury and became a part of the funds of the county, and they further allege that said tax collector's collections and payments of taxes from year to year form one continuous account. Demurrers were sustained to these pleas and the cause was submitted on the general issue and payment.

Russell & Johnson, of Oneonta, and O. D. Street, of Guntersville, for appellants.

G. W. Darden and James Kay, both of Oneonta, and J. A. Lusk & Son, of Guntersville, for appellee.

SOMERVILLE, J. The sole question presented by this appeal is whether or not a tax collector, who has mistakenly overpaid the taxes due from him to the county for one year, can reimburse himself for such excess by retaining an equivalent out of the taxes collected by him for the following year; and, having done so, can he thereby defeat an action by the county on his official bond, founded on his failure to pay over all the taxes collected for the following year?

Defendants concede that, for technical reasons, a plea of set-off is not here available. They insist, however, that their defense, based on the facts recited, is available as one in the nature of recoupment; this upon the asserted theory that the tax collector's account for taxes collected and paid over is continuous from year to year, and not a series of unrelated yearly accountings.

Under Alabama statutes, the county tax collector is required to make monthly reports and payments of county taxes collected by him (Code, § 2200), and on or before the 1st day of July of each year he must make a final settlement, under oath, with the county treasurer, and pay over to him all taxes not previously accounted for (Code, § 2204).

[1, 2] We must presume that the defendant tax collector discharged this duty as prescribed by law, and it seems clear that his account for the tax year of 1914 was thereby effectually detached from his account for the ensuing year, and that those accounts were in no sense single or continuous. In line with this theory, it has been held that the taxes collected for one year cannot be applied as a credit on the fund due to be accounted for by the tax collector for any other year, but must be paid and credited as for the year for which they were collected. State, use of Winston County, v. Tingle, Tax Collector, 196 Ala. 505, 71 South. 991.

[3] It would seem, therefore, that a tax collector's mistaken excess payment to the county treasurer, over and above what he is accountable for for that year, if officially paid and received as taxes and added to the county funds, becomes a distinct claim for money had and received by the county to the use of the collector. If so, we can discover no good reason why it should not have been presented to the court of county commissioners for allowance or rejection, as required by Code, § 147. Whatever defendants may call the plea setting up such a claim, it is really a cross-claim, and is governed by Code, § 2472, which forbids suit against a county until the claim sued on has been duly presented to the commissioners' court and unfavorably acted upon. 11 Cyc. 454, citing State v. Banks, 66 Miss. 431, 6 South. 184; Botetourt County v. Burger, 86 Va. 530, 10 S. E. 264.

[4] Apart from this consideration, however, we are strongly persuaded that in suits like this a sound public policy forbids the entertainment of such a defense. It would permit the easy evasion of the mandatory duty imposed by the statute on tax collectors (Code, §§ 2200, 2204), and it would be impossible for the county authorities to know in advance how much of the year's taxes might be withheld by the collector, or upon what claims or pretenses he might act. It would certainly tend to uncertainty and confusion, and to a dangerous laxity in a vital department of administrative government.

This principle, as to public officers in general, seems to have been applied by this court in the early case of Harper v. How-

ard, 3 Ala. 284, where, on statutory motion against a justice of the peace, based on his refusal to pay over money collected by him in his official capacity, it was said:

"The claim of a sheriff, or of the clerk of a court, to offset his private demand against money collected by him, or coming to his hands in his public capacity, would be disallowed without scruple, when the extraordinary powers of a court were invoked to compel a payment; and we conceive a justice of the peace stands in precisely the same relation to the suitor before him. No public officer ought ever to be permitted to commingle his private claims with his official dutes. In this case, the fees for which the plaintiff is liable had no immediate connection with the money retained by the defendant; they constituted nothing more than an ordinary debt, and if a set-off was now allowed, there is no reason why the same right would not extend to any other indebtedness."

[5, 6] Further analogy may be found in the principle, everywhere recognized, that a tax debtor can never be allowed to set off against his taxes a claim against the state or municipality. 34 Cyc. 656, D. And it has been expressly held that a tax due for one year cannot be satisfied by an overpayment of taxes made the previous year. City of New Orleans v. Davidson, 30 La. Ann. 541, 31 Am. Rep. 228. Pertinently to the principle here involved, it was there said:

"Considerations of public policy require that a tax of one year should not be compensated by an overpayment of a previous year. The taxes of each year are laid to meet the exigencies of that year. If they could be reduced by a deduction of such sums as had been already wrongfully demanded and paid, the revenues requisite for the support of government might be diminished so largely as to occasion public detriment."

The case here presented seems to be one of great hardship for defendants, but their claim against the county, if valid, must be collected in some other way.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.