No. 9168
Orleans

---

CITY OF NEW ORLEANS, Appellant, v. MRS. ANNA GLASER, Executrix, ET AL.

---

(February 15, 1926. Opinion and Decree.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Appeal—Par. 694; Pleading—Par. 62.

When counsel for defendant and appellee fail to appear for argument and fail to file a brief in this court, a judgment maintaining an exception of no cause of action will be reversed where the petition of plaintiff, superficially considered, appears to present a cause of action and no reasons are given for judgment by the trial court.

Appeal from Civil District Court, Hon. Hugh C. Cage, Judge.

This is an appeal taken by the plaintiff from a judgment maintaining an exception no cause of action. Judgment as to exception no cause of action reversed and case remanded for further proceedings. Judgment on the merits amended and affirmed.

I. G. Kittredge and W. C. Jones of New Orleans, attorneys for plaintiff, appellant.

H. S. Suthon and F. Zengel of New Orleans, attorneys for defendant, appellees.

WESTERFIELD, J. This is an appeal from a judgment maintaining an exception of no cause of action.

The City of New Orleans sued Mrs. Anna Glaser, widow of Michel Glaser, Jr., and Albert Glaser in solido, alleging that:

"Mrs. Anna Glaser is the widow of Michel Glaser, and at one time was the executrix of his succession, No. 132,017, C. D. C. The succession owned several pieces of property in the City of New Orleans on which the taxes for 1920 had not been paid.

"During the month of August, 1921, the city treasurer was preparing to advertise and sell these properties for the unpaid taxes of 1920, and was also about to sell four certain lots in this city assessed in the name of M. Glaser, Jr., and owned by M. Glaser, Jr., and Albert Glaser, sons of Michel Glaser, Sr., the deceased.

"At this juncture Mrs. Anna Glaser, accompanied by Mr. Glaser, Jr., called on the city treasurer and tendered him a post dated check covering all of the taxes due on the properties belonging to the succession, as well as the taxes due on the four lots owned by the sons of Michel Glaser.

"Acting on the faith of this check and

defendants' subsequent promises to make same good, the city treasurer discontinued the advertisements and proposed sale of all the properties, and issued tax researches showing that the taxes for 1920 had been paid.

"The property belonging to M. Glaser, Jr., and Albert Glaser was sold under these conditions by the civil sheriff, who, acting upon the clear certificates, did not deduct the taxes for 1920, and presumably turned over the proceeds of the sale, including the amount due for the taxes of 1920, to-wit, $528.75 to Michel Glaser, Jr., and Albert Glaser.

"As a matter of fact, these taxes had not been paid, and have never been paid, because the post dated check given to the city treasurer was in due course dishonored and never made good as far as the amount of taxes due on the property of Michel Glaser, Jr., and Albert Glaser was concerned."

(As epitomized in plaintiff's brief.)

Upon the calling of the case in this court no appearance was made on behalf of any defendant, and we have not been favored with any brief by defendant's counsel. No reasons for the judgment of the trial judge appear in the record. Under the circumstances we are not informed of the nature of the contention of defendants successfully urged below. The petition seems to us, superficially, at least, to support a cause of action as to Mrs. Anna Glaser. Since taxes are not a personal debt, Converse vs. Fitzpatrick, 135 La. 619, 65 South. 761, the exception is obviously good as to the defendants Michel Glaser and Albert Glaser.

For the reasons assigned the judgment appealed from is amended in so far as it is in favor of Mrs. Anna Glaser, and it is now ordered that the exception of no cause of action, in respect to Mrs. Anna Glaser, be overruled and the case remanded for further proceedings. In all other respects it is affirmed.