Kinkade, J.
 

 The facts in these two cases are similar, and the issues are substantially the same in each case. The differences in amounts and dates are not material. One case comes to this court from Cuyahoga county and the other from Lucas county.
 

 The plaintiffs in error in this court will be referred to as the taxpayers, and the defendant in error will be referred to as the state.
 

 The state, through its attorney general, brought two actions to recover amounts due as excise tax assessed in 1927, pursuant to Sections 5526 to 5541, inclusive, General Code, against the taxpayers respectively, who are sellers of motor vehicle fuels. The trial court in each case found in favor of the taxpayers and against the state. The Courts of Ap
 
 *177
 
 peals, on error, reversed the trial courts and entered judgment in favor of the state for the full amount claimed.
 

 The correctness of the assessments made by the state in 1927 is not disputed by the taxpayers. The taxpayers claim that they were illegally assessed in the years 1925 and 1926 to an extent stated, and that they were compelled to pay the illegal part of those assessments as well as the parts thereof that were legal, and they now claim and demand that the portions of the earlier assessments, which were in fact illegal when they were made and collected, must now be set off against the assessments of 1927 sought to be collected in these actions.
 

 The state claims that these earlier assessments by the state were made and collected by the state in good faith, and prior to the decision of this court in the case of
 
 Caldwell & Taylor
 
 v.
 
 State,
 
 115 Ohio St., 458, 154 N. E., 792, decided December 14, 1926, which placed an interpretation upon the law as it existed when these former assessments were made, that excluded from the excise tax a certain per cent, of the motor vehicle fuel so sold by the defendants. The law, as so interpreted by this court, permitted an excise tax on only so much of the motor vehicle fuel as was gasoline, and excluded from the tax that part of the motor vehicle fuel which was derived from benzol or other sources, the taxable part, in round figures, being about sixty per cent, of the whole and the nontaxable part about forty per cent. It is the tax upon this forty per cent., paid in 1925 and 1926, which the taxpayers now seek to have set off against the tax assessed against them in 1927.
 

 The law has since been amended (113 Ohio Laws,
 
 *178
 
 594), so as to permit assessing the excise tax upon the forty per cent, as well as upon the sixty per cent.
 

 The state claims that the entire tax, as assessed in 1925 and 1926, was paid voluntarily by the taxpayers, and for this reason, as well as for the further reason that the tax was in fact paid by the consumer and not by the sellers of the motor vehicle fuel, no part of the payment can now be recouped by the taxpayers.
 

 Much has been said in brief and oral argument about whether these claims of the taxpayers are set-offs or counter-claims. We do not deem it necessary to determine which they are, or whether they are either, nor is it deemed necessary to decide whether this tax was in fact paid by the taxpayers or by their customers. The two important questions in the case are, first, was the tax voluntarily paid; and, second, if it was so paid, can the taxpayer now recover the same from the state?
 

 There is practically no dispute about the facts attending the payments of the taxes in 1925 and 1926. The taxpayers claim‘they paid the tax under compulsion and duress; because, had they not paid it when due, the state would have added and' collected a penalty of fifteen per cent., and for the further reason that they were not entitled to continue in business unless they paid the tax when due, and they say the presence of these attendant facts made their payment an involuntary payment. It is not disputed that under the law the state had but one remedy to collect this excise tax if the taxpayer omitted or refused to pay the same, and that was to begin actions the same as here instituted, in which actions the taxpayers could plead and prove any de
 
 *179
 
 fense which, would establish the illegality of the tax, either as a whole or in part. This being true, the law gave to the taxpayer his day in court, and a clear, full, and complete opportunity to have all his rights then and there adjudicated; and that being true, he cannot pay and then later sustain the claim that it was an involuntary payment and secure recoupment in his favor.
 

 These taxes were paid after an opinion had been given out by the attorney general in June, 1925, to the effect that the entire motor vehicle fuel was subject to the tax which the state exacted at that time. The tax officials of the state believed that to be true, and evidently the taxpayers believed that to be true. At least they did not then test the question in court. The undisputed facts attending these payments in 1925 and 1926 fall very far short of being sufficient to make the payments involuntary.
 

 We have no difficulty in reaching the conclusion that the excise taxes that were collected in the years 1925 and 1926 were in contemplation of law paid voluntarily by the taxpayers, and that they cannot be recouped in these actions against the taxes of 1927. The following cases are in accord with the conclusion we have reached:
 

 Mays
 
 v.
 
 City of Cincinnati,
 
 1 Ohio St., 268;
 
 City of Marietta
 
 v.
 
 Slocomb,
 
 6 Ohio St., 471;
 
 Baker
 
 v.
 
 Cincinnati,
 
 11 Ohio St., 534;
 
 Wilson
 
 v.
 
 Pelton,
 
 40 Ohio St., 306;
 
 Whitbeck, Treas.,
 
 v.
 
 Minch,
 
 48 Ohio St., 210, 31 N. E., 743;
 
 Wayne, Admr.,
 
 v.
 
 City of Savannah,
 
 56 Ga., 448;
 
 City of Muscatine
 
 v.
 
 Keokuk Northern Line Packet Co.,
 
 45 Iowa, 185;
 
 Union Pac. Rd. Co.
 
 v.
 
 Dodge County Commissioners,
 
 98 U. S., 541, 25 L. Ed., 196;
 
 Lamborn
 
 v.
 
 County Commission
 
 
 *180
 

 ers,
 
 97 U. S., 181, 24 L. Ed., 926;
 
 Yates
 
 v.
 
 Royal Insurance Co.,
 
 200 Ill., 202, 65 N. E., 726;
 
 People, ex rel. Graff, v. Chicago & Alton Rd. Co.,
 
 247 Ill., 373, 93 N. E., 424;
 
 Board of Education
 
 v.
 
 Toennigs,
 
 297 Ill., 469, 130 N. E., 758;
 
 School of Domestic Arts and Science v. Harding, County Collector,
 
 331 Ill., 330, 163 N. E., 15;
 
 Shelton, Tax Collector, v. Blount County,
 
 202 Ala., 620, 81 So., 562;
 
 Scobey v. Decatur County,
 
 72 Ind., 551;
 
 Hedge
 
 v.
 
 City of Des Moines,
 
 141 Iowa, 4, 119 N. W., 276;
 
 City of New Orleans
 
 v.
 
 Davidson,
 
 30 La. Ann., 541, 31 Am. Rep., 228;
 
 Cobb v. Elizabeth City,
 
 75
 
 N. C.,
 
 1;
 
 Trenholm v. Charleston,
 
 3 S. C., 347, 16 Am. Rep., 732;
 
 Brunson
 
 v.
 
 Board of Directors of Crawford County Levee Dist.,
 
 107 Ark., 24, 153 S. W., 828, 44 L. R. A. (N. S.), 293, Ann. Cas., 1915A, 493;
 
 Maxwell v. County of San Luis Obispo,
 
 71 Cal., 466, 12 P., 484;
 
 Chapman & Dewey Land Co.
 
 v.
 
 Board of Directors of St. Francis Levee Dist.,
 
 172 Ark., 414, 288 S. W., 910.
 

 It follows from what tas been said ttat tte judgments of tte Courts of Appeals must be affirmed.
 

 Judgments affirmed.
 

 Robinson, Jones, Matthias, Day and Allen, JJ., concur.