O’Neill, J.
The appellant claims payment was made under a mistake of law and relies upon Section 5728.06, Eevised Code, which states, in part, that “the owner of each commercial car and commercial tractor * * * shall be liable for the payment of the * * * taxes levied herein,” and upon Section 5703.05, Eevised Code, which provides, in part, that “the commissioner has the authority on written application of any person, firm, or corporation claiming to have overpaid # :)! * any tax * * * and, if he shall find that there has been an overpayment, issue * * * a certificate of abatement * * * which shows the amount of overpayment and the kind of tax overpaid. ’ ’
The position of the appellant is unsound, because there has been no overpayment of the tax as required by the language of the statute which authorizes the certificate of abatement. The highway use tax which was paid to the state was due it.
The appellant relies upon the cases of Ohio Bell Telephone Co. v. Evatt, Tax Commr., 142 Ohio St., 254, 258, 51 N. E. (2d), 718; Niles Bank Co. v. Evatt, Tax Commr., 145 Ohio St., 179, 185, 60 N. E. (2d), 789; Phoenix Amusement Co. v. Glander, Tax Commr., 148 Ohio St., 592, 76 N. E. (2d), 605, 175 A. L. R., 1096; State, ex rel. Ellsworth, Exr., v. Mong, Aud., 130 Ohio St., 483, 200 N. E., 516; and Interstate Motor Freight System v. Bowers, Tax Commr., 164 Ohio St., 122, 128 N. E. (2d), 97. The reliance on those cases is primarily for the proposition that voluntary payment of a tax does not preclude the issuance of a certificate of abatement under Section 5703.05, Eevised Code, as would be the case under the common-law rule as set forth in Mays v. City of Cincinnati, 1 Ohio St., 268; Whitbeck, Treas., v. Minch, 48 Ohio St., 210, 31 N. E., 743; and Benoline Co. v. State, ex rel. Bettman, Atty. Genl., 122 Ohio St., 175, 171 N. E., 33.
The controlling fact in this matter is not that the tax was voluntarily paid, which it was, but that there was no overpayment of the tax due the state. Overpayment is a requirement of Section 5703.05, Eevised Code, before the Tax Commissioner has authority to issue a certificate of abatement.
In each of the cases cited by' appellant as authority for its position, the certificate of abatement was issued for an *119 amount which the court found not to be due and, therefore, to be an overpayment. In this case, it is agreed that the amount paid was the amount due the state.
The decision of the Board of Tax Appeals, not being unreasonable or unlawful, is affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and Radcliff, JJ., concur.
Radcliff, J., of the Fourth Appellate District, sitting by designation in the place and stead .of Herbert, J.