**EASON et al. v. CITY OF WACO.**

No. 2673.

Court of Civil Appeals of Texas.

Waco.

Oct. 8, 1953.

Rehearing Denied Dec. 10, 1953.

W. L. Eason, H. S. Beard, John McGlasson and Tom Hamilton, Waco, for appellants.

Lyndon L. Olson, City Atty., Wiley Stem, Jr., Asst. City Atty., Witt, Terrell, Jones & Riley, Waco, for appellee.

HALE, Justice.

Appellee, a home-rule municipal corporation, instituted this suit in the District Court of McLennan County on June 4, 1945 as a class action against appellants, seeking a declaratory judgment relating to an extensive ordinance which was finally passed by the governing body of the city on January 2, 1945, known as a sewer charge ordinance. Appellee alleged that the ordinance was valid and enforceable and appellants alleged that it was invalid and unenforceable. The case was tried before a jury and resulted in a judgment on November 26, 1945 declaring the ordinance, with the exception of one paragraph thereof, to be valid and binding on appellants and the class of persons represented by them in the suit. Appellants duly excepted to the judgment, gave notice of appeal therefrom to this Court, filed appeal bond and caused the transcript and statement of facts in the case to be filed here on January 21, 1946.

On February 21, 1946, appellants filed in this Court their motion to reverse the judgment of the trial ·court and dismiss the cause on the ground that the questions to be decided in the case had become moot. Attached to the motion of appellants was a certified copy. of excerpts from the minutes of a meeting of the governing body of the city held on January 29, 1946 for the purpose of canvassing the returns of a charter amendment election held on that day. The returns showed that each of three proposed amendments to the charter had been adopted and such adoption was so declared. Although the record does not disclose the substance or nature of any of the charter amendments so adopted, we assume that one or more of such amendments had the effect of repealing the sewer charge ordinance or prohibiting the further operation thereof. On March 27, 1946 appellee filed its answer to the motion of appellants to reverse the judgment of the trial court and dismiss the cause, contending therein that the repeal of the ordinance in question did not destroy or impair rights which had become vested thereunder prior to the action of repeal.

■ Neither of the parties has filed any brief in the case and no request has been made by either of them for any action to be taken by this Court since March 27, 1946. From the record before us we cannot say the issues to be decided in the case had become moot on February 21, 1946 because we are of the opinion that a repeal of the sewer charge ordinance on January 29, 1946, if such was the effect of the charter amendments adopted on that date, did not operate to destroy or impair any rights which might have become vested under the ordinance prior to its repeal. 26 A.L.R. 1475 et seq.; Dawson v. McLeary, 87 Tex. 524, 29 S.W. 1044; State v. Humble Oil & Refining Co., 141 Tex. 40, 169 S.W.2d 707; Abilene & Southern Ry. Co. v. Terrell, Tex.Civ.App., 131 S.W.2d 37, er. ref.; Texas Liquor Control Board v. Warfield, Tex.Civ.App., 110 S.W.2d 646. However, since no effort has been made to prosecute the appeal for more than seven years, we know of no reason why this Court should continue indefinitely to carry the cause on its docket and report the same from time to time as a pending suit.

■ Therefore, the motion of appellants to reverse the judgment of the trial court and dismiss the cause is overruled and refused, but the appeal is dismissed for want of prosecution and the costs incident thereto are taxed ·against appellants.