

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 15, 1960

Honorable Robert S. Calvert          Opinion No. WW-847
Comptroller of Public Accounts
Capitol Station                      Re:  Application of Art. 1.11,
Austin, Texas                             Title 122A, R.C.S., to an
                                          overpayment of taxes which
                                          occurred prior to the
                                          effective date of such
Dear Mr. Calvert:                         article.

     Recently you requested our opinion upon the interpre-
tation of Art. 1.11, Title 122A, R.C.S., providing that
where an overpayment of tax has occurred the taxpayer may
elect to have the overpayment credited to his tax account
with the State, in lieu of pursuing any other remedy.
Specifically, you inquired whether or not this provision
would be applicable to the full amount of overpayment of
gross receipts taxes made by Industrial Gas Supply Corpora-
tion, Houston, Texas, during the period November, 1950, through
December, 1959, or only applicable to the portion of taxes
overpaid on and after September 1, 1959, the effective date
of the Article (Sec. 8).

     It is our opinion that the article may only operate
upon that portion of tax overpaid on and after September
1, 1959.

     In State v. Humble Oil & Refining Co., 141 Tex. 40,
169 S.W.2d 707 (1943), a parallel question was posed.  There,
Humble had overpaid the gross production tax on oil prior to
May 30, 1935.  The 44th Legislature enacted a tax credit
provision, very similar to the one here involved, allowing
an offset for overpayment of taxes, the provision becoming
effective on May 30, 1935.  Humble contended that it could
credit its prior overpayment against taxes due for the month
of January, 1936, while the State contended that the law
could have no such retroactive effect.  Judgment was for
Humble in the trial court and was affirmed by the Court of
Civil Appeals.  In reversing both courts and rendering judg-
ment for the State, the Supreme Court said

          "After a very careful examination
     of the authorities, we have reached
     the conclusion that the above-quoted
     statute cannot be applied retrospec-

tively.  It is the law of this State, and the law generally, that, in the absence of any special indication or reason, a statute will not be applied retrospectively, even when there is no constitutional impediment against it. Stated in another way, it is the rule that statutes will not be applied retrospectively unless it appears by fair implication from the language used that it was the intention of the Legislature to make it applicable to both past and future transactions. /Citing authorities7 When we apply this rule to this statute, we find no words contained therein which indicate a legislative intent to apply its provisions to past transactions."

We believe that this holding forecloses any possibility of interpreting Art. 1.11 so as to allow credit in this case for overpayments occurring prior to September 1, 1959.

## S U M M A R Y

Art. 1.11, Title 122A, R.C.S., providing that overpayments of taxes may be credited to the taxpayer with his consent in lieu of other remedies available, cannot apply to overpayments occurring prior to September 1, 1959, the effective date of the Act.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: James R. Irion
James R. Irion
Assistant

JRI:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Fred B. Werkenthin
C. K. Richards
L. P. Lollar
Jerry H. Roberts

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore