**LUBBOCK INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Dora Lee BRADLEY, Appellee.**

**No. 8950.**

Court of Civil Appeals of Texas, Amarillo.

March 19, 1979.

Rehearing Denied April 9, 1979.

Crenshaw, Dupree & Milam (Cecil C. Kuhne), Lubbock, for appellant.

Brown & Brown (Phillip S. Brown), Lubbock, for appellee.

ROBINSON, Chief Justice.

Dora Lee Bradley sought workers' compensation for an alleged back injury in September 1976, resulting from constant and repeated bending, lifting, and carrying of heavy objects. The trial court rendered judgment for Mrs. Bradley on jury findings of total and permanent incapacity. Defendant, Lubbock Independent School District, appeals. Affirmed.

Plaintiff was employed by Lubbock Independent School District during 1975, working at Posey Elementary School as a cafeteria helper. Around November 20, 1975, while in the course of employment, she slipped, fell and injured her back. After receiving medical treatment and compensation benefits, she returned to work on January 3, 1976, resuming her regular duties, and worked until school was out for the summer. When school resumed on August 17, 1976, she returned to work at a different school, Martin Elementary, doing the same type of work. In early September her back began hurting. She continued working until the pain was so severe that she was unable to work. She quit her job on September 29, 1976. She has not been employed since that time.

I.

Defendant first asserts that the trial court erred in refusing to submit requested special issues inquiring whether plaintiff's earlier injury of November 20, 1975, contributed to the incapacity found by the jury and the percentage of such contribution.

The statute in effect from 1971 to 1977 and at the time of Mrs. Bradley's 1976 injury did not allow an insurer the defense of percentage contribution of prior compensation injuries to a present incapacity. That statute made the insurer liable for all compensation provided by the Act. 1971 Tex.Laws, ch. 316, § 1, at 1257. *Texas Employers' Insurance Association v. Haunschild,* 527 S.W.2d 270 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.).

The pre-1971 statute (enacted in 1947) provided that the insurer was liable for compensation for a subsequent injury only to the extent that the subsequent injury would have entitled the employee to compensation had there been no previous injury. This statute provided for a "Second Injury Fund" from which an employee who suffered a subsequent injury could be compensated for the combined incapacities resulting from prior and subsequent injuries. 1947 Tex.Laws., ch. 349, § 1, at 690–91. *See Texas Employers' Insurance Association v. Haunschild, supra,* for a history of the Second Injury Fund. The Supreme Court construed the 1947 statute in *Second Injury Fund v. Keaton,* 162 Tex. 250, 345 S.W.2d 711 (1961) and limited the liability of the Second Injury Fund to situations involving a combination of specific injuries resulting in total and permanent incapacity. It held that neither combinations of general injuries nor injuries resulting in partial disability were compensable from the Second Injury Fund. Thus, the 1971 statute enlarged the compensation available to an injured employee under the 1947 statute.

In 1977 the statute was again amended. The amendment substantially re-enacted the 1947 provisions and again limited the worker's recovery from the insurer to the compensation that he would have been entitled to for the subsequent injury if there had been no previous injury. Tex.Rev.Civ. Stat.Ann. art. 8306, § 12c (Vernon Supp. 1978–1979).

■ Mrs. Bradley's alleged injury occurred in September 1976. The case was tried after the effective date of the 1977 amendment. If the 1977 amendment is applicable to her claim, then the insurer was entitled to the requested special issues asking whether and in what percentage her earlier injury contributed to the incapacity found by the jury. Thus, the question for our determination is whether the 1977 amendment to section 12c of article 8306 is applicable to a claim arising before, but tried after, the effective date of the amendment. We conclude that it is not.

■ It is the law of this State, and the law generally, that, in the absence of any special indication or reason, a statute will not be applied retroactively, even when there is no constitutional impediment against it. *State v. Humble Oil & Refining Co.*, 141 Tex. 40, 169 S.W.2d 707, 708 (1943). Defendant contends that this general rule does not apply to a procedural or remedial statute. *See Bristow v. Nesbitt*, 280 S.W.2d 957 (Tex.Civ.App.—Eastland 1955, no writ).

Substantive law includes those rules and principles which fix and declare the primary rights of individuals as respects their person and their property, and generally the remedy available in the case of the invasion of those rights. Procedure is the machinery for carrying on a suit, including pleading, process, evidence and practice. *Exxon Corp. v. Brecheen*, 519 S.W.2d 170, 183 (Tex. Civ.App.—Houston [1st Dist.]), *rev'd on other grounds*, 526 S.W.2d 519 (Tex.1975); *Brooks v. Texas Employers' Insurance Association*, 358 S.W.2d 412, 414–15 (Tex.Civ. App.—Houston 1962, writ ref'd n. r. e.). A remedial statute has been defined as a law introducing a new regulation for the advancement of the public welfare or conducive to the public good, or one which supplies defects, and abridges superfluities in the former law, or one enacted to afford a remedy. *Pratt v. Story*, 530 S.W.2d 325, 328 (Tex.Civ.App.—Tyler 1975, no writ) (citing authorities). The 1977 amendment to section 12c of article 8306 reinstituted a defense for the insurer. We are of the opinion that it effected a substantive change in the law and should not be applied retroactively.

## II.

■ Defendant next contends there is no evidence and insufficient evidence to support jury findings that plaintiff received an injury in September 1976; that such injury was a producing cause of total incapacity; and that the duration of total incapacity was permanent.

The evidence showed that Mrs. Bradley's work in the cafeteria involved bending, and the lifting and carrying of heavy items. She was required to lift and open canned goods, pour the contents into pans, which held three to four gallons of food, and carry the pans to the refrigerator or to the steam table. Dr. Ray Santos, an orthopedic surgeon and the treating physician, testified that repeated incidents of lifting, bending, and stooping aggravate or accelerate a back condition. Mrs. Bradley testified that she quit work in September 1976, because she was no longer able to work because of back pain. After quitting work she received therapy treatments and pain and muscle spasm pills. Dr. Santos stated that she would continue to have difficulty with her back and that she should not engage in any activity which would put her back under stress. Mrs. Bradley testified that she has continued to have trouble with her back since September 1976, and is unable to work. The evidence shows that she has an eleventh grade education and has done only manual labor all her life.

We conclude that there is some evidence to support the submission of the special issues to the jury. After consideration of all of the evidence we conclude that the evidence is sufficient to support the jury answers.

## III.

■ In order to recover compensation under the Workers' Compensation Act the employee must establish "average weekly wages" under one of the three statutory methods. Tex.Rev.Civ.Stat.Ann. art. 8309,

§ 1 (Vernon 1967). If an employee establishes that he had not worked in the employment in which he was working at the time of injury for at least 210 days of the year immediately preceding the injury he cannot recover under the first method. The employee must then establish the average daily wage or salary which an employee of the same class, working at least 210 days of such immediately preceding year, in the same or similar employment, in the same or a neighboring place, shall have earned during the days that he actually worked in such year.

Defendant contends that there is no evidence and insufficient evidence to support the jury findings that another employee of the same class as plaintiff worked at least 210 days in the year preceding her injury in the same or similar employment and that the average weekly wage of such other employee of the same class was $115.48.

Mrs. Bradley worked five hours a day, five days a week during the school year. She had not worked 210 days in the year preceding her injury. The evidence offered at trial as the average daily wage of another employee of the same class was the earnings of a cafeteria worker from Furr's Cafeteria who worked eight hours a day, six days a week throughout the year.

■■ The law seeks to provide compensation not merely for loss of earnings, but for loss of earning capacity, at a wage rate based on the employee's capacity to earn when employed on a full-time basis *Texas Employers Ins. Ass'n v. Clack*, 134 Tex. 151, 132 S.W.2d 399, 401 (1939); *Maryland Casualty Co. v. Stevens*, 55 S.W.2d 149, 153 (Tex.Civ.App.—Eastland 1932, writ ref'd); *Maryland Casualty Co. v. Drummond*, 114 S.W.2d 356, 360 (Tex.Civ.App.—Beaumont 1938, writ ref'd); *Federal Underwriters Exchange v. Polson*, 148 S.W.2d 956, 961 (Tex. Civ.App.—Eastland 1941, writ dism'd judgmt. cor.); *Texas Employers' Ins. Ass'n v. Allgood*, 252 S.W.2d 589, 591 (Tex.Civ. App.—Fort Worth 1952, writ ref'd n. r. e.). The fact the injured employee is a part-time employee does not remove her from the class of workers in the same type of employment who are full-time workers. "Class" refers to the type of employment, not the manner of wage computation. *Texas Employers' Insurance Association v. McMahon*, 509 S.W.2d 665, 668 (Tex.Civ. App.—Beaumont 1974, writ ref'd n. r. e.). The loss of earning capacity would not be shown by the wages received by an employee in part-time employment in which a lower wage was paid because of that fact. *Maryland Casualty Co. v. Stevens, supra*, at 153. We conclude that there is evidence to support the submission of the issues and after considering all of the evidence we conclude that it is sufficient to support the jury answers.

## IV.

■ The trial court gave the following definitions, among others, in its charge:

"INJURY" includes damage or harm to the physical structure of the body occurring as the result of repetitious physical traumatic activities extending over a period of time and such diseases or infection as naturally result therefrom, or the incitement, acceleration, or aggravation of any disease, infirmity, or condition, previously or subsequently existing, by reason of such damage or harm.

"INJURY IN THE COURSE OF EMPLOYMENT" means any injury having to do with and originating in the work, business, trade, or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere.

Defendant contends that the trial court erred by failing to give its requested definition of "Injury" and "Personal injury" as follows:

"The terms 'Injury' and 'Personal Injury' shall also be construed to mean and include 'Occupational Diseases', as hereinafter defined. Whenever the term 'Occupational Disease' is used in the Workmen's Compensation Laws of this State, such term shall be construed to mean any disease arising out of and in the course of

employment which causes damage or harm to the physical structure of the body and such other diseases or infections as *naturally result* therefrom. An 'Occupational Disease' shall also include damage or harm to the physical structure of the body occurring as the result of repetitious physical traumatic activities extending over a period of time and arising in the course of employment; provided, that the date of the cumulative injury shall be the date disability was caused thereby. Ordinary diseases of life to which the general public is exposed outside of the employment shall not be compensable, except where such diseases follow as an incident to an 'Occupational Disease' or 'Injury' as herein defined."

The record does not show that defendant requested an instruction on sole cause.

Defendant maintains that it was entitled to the requested definition because medical testimony raised a question concerning whether Mrs. Bradley's condition was an ordinary disease of life. Plaintiff pleaded and adduced evidence that her injury was caused by repetitious physical traumatic activities which took place in the course of her employment, that is, by constant and repeated bending, lifting, and carrying of heavy items. In answer to a special issue the jury specifically found that her injury was sustained in the course of her employment.

Tex.R.Civ.P. 277 provides that in submitting a case the court shall submit such explanatory instructions and definitions as shall be proper to enable a jury to reach a verdict. We are of the opinion that the court's charge adequately submitted the question of whether Mrs. Bradley suffered an injury in the course of her employment. *See Standard Fire Insurance Co. v. Ratcliff*, 537 S.W.2d 355 (Tex.Civ.App.—Waco 1976, no writ). *See also*, 2 State Bar of Texas, Texas Pattern Jury Charges 20.01 (Supp. 1976).

Each of defendant's points of error is overruled. The judgment of the trial court is affirmed.