**In the Matter of the MARRIAGE OF Rosemary Willis ROACH and Thomas Lynch Roach, III.**

**No. 07–88–0229–CV.**

Court of Appeals of Texas, Amarillo.

May 18, 1989.

Rehearing Denied June 22, 1989.

Danny M. Needham, Gibson Ochsner & Adkins, Amarillo, for appellant.

Underwood Law Firm, Michael H. Loftin and Kevin P. Parker, Amarillo, for appellee.

Before DODSON, BOYD and POFF, JJ.

BOYD, Justice.

This cause presents the question as to whether the 1987 amendment to the Texas Family Code allowing the trial court to appoint parents of minor children as joint managing conservators without prior written agreement applied to suits pending on its effective date. It arises from a suit seeking the dissolution of the marriage of appellant Rosemary Willis Roach and appellee Thomas Lynch Roach and the appointment of conservators for the two minor children born to that marriage. In one point, appellant challenges the authority of the trial court to appoint both parties as joint managing conservators. In challenging that authority, appellant raises the question above set out. We disagree with appellant's challenge and affirm the judgment of the trial court.

Appellee initiated this suit for divorce on May 27, 1986. In his first amended original petition, filed on April 22, 1988, he sought the appointment of the parties as joint managing conservators. In her amended answer and cross-petition, filed on April 1, 1988, appellant sought a divorce and appointment as "sole managing conservator." Trial was held during the week of May 2, 1988, with a final decree being entered on August 2, 1988. As relevant to this appeal, in the decree appellant and appellee were appointed joint managing conservators.

The thrust of appellant's argument is that the trial court did not have the authority to appoint joint managing conservators sans prior agreement, because no such authority existed under Texas law on the commencement date of the suit. As a basis for argument, appellant points out that Texas House Bill 614, 70th Legislature (1987) (hereinafter House Bill 614), amended section 14.01(b) of the Texas Family Code Annotated to permit the appointment of joint managing conservators absent an agreement of the parties. Section 2 of that bill states that it:

takes effect September 1, 1987, and applies to a suit affecting the parent-child relationship commenced on or after that date. A suit affecting the parent-child relationship commenced before the effective date of this Act is governed by the law in effect at the time the suit was commenced and that law is continued in effect for this purpose.

Contrariwise, appellee argues Texas House Bill 617, 70th Legislature (1987) (hereinafter House Bill 617), passed during the same legislative session, gave the trial court the authority to appoint the parties joint managing conservators in a case such as this.

Initially we must note that, prior to oral argument on this cause, appellant filed with this Court her motion to strike Exhibits "A" and "B" which were attached to appellee's response to appellant's supplemental brief. Said exhibits purport to be "Bill History Displays for House Bills 614 and 617 ... [which] are a matter of public

record and are available from the Legislative Reference Library in Austin." Appellant's motion to strike, which was carried until oral argument and subsequently carried forward for action in this opinion, alleges that the exhibits are not "true and correct copies of the documents which they purport to be." She argues they are "simply Appellee's typed version of these purported documents." As they were not a part of the trial court record, appellant contends they are improper evidence for this Court to consider. Additionally, she argues they are "inappropriate evidence" for review because "neither Appellant nor the Court has any means by which to determine the accuracy of such documents."

█ In construing a statute, the intent of the legislature is generally obtained from the language of the statute and from the legislative history of the statute. The intent of the legislature is also obtained by considering the provision being construed in the context of the entire law in which it is found. *City of West Tawakoni v. Williams,* 742 S.W.2d 489, 491 (Tex.App.—Dallas 1987, writ denied). Therefore, this Court is not prohibited from review of the legislative history of the bills in question, regardless of the fact that such information was not furnished to the trial court. Through independent research we have ascertained that Exhibits "A" and "B" authentically represent the bill history displays and that the information therein accurately expresses public records of the legislative history of these two bills. Appellant's motion is overruled and the exhibits will be included in our consideration of the legislative history of the bills in question.

Determination of the question presented mandates our extensive consideration of the legislative history of the bills in question. House Bill 617 was adopted by the legislature on May 26, 1987. House Bill 614 was adopted on May 30, 1987. A review of the introduced version of House Bill 617 indicates that it was introduced to amend the Texas Family Code (hereinafter Family Code) to give trial courts the authority to appoint parents joint managing conservators of their children, without the agreement of the parents. Prior to the passage of House Bill 617, the Family Code allowed parents to be appointed joint managing conservators only when (1) the parents agreed to joint managing conservatorship, and (2) their agreement was approved by the trial court. Tex.Fam.Code Ann. § 14.01 (Vernon 1986).

As House Bill 617 made its way through the House and Senate, a number of amendments were added to the introduced version of the bill. This was apparently done to make sure there were no inconsistencies in the Family Code which would defeat the purpose of the bill. House Bill 617 amended section 14.01(a) of the Family Code to grant trial courts the authority to appoint parents to be joint managing conservators without agreement of the parents. It added section 14.021 to set forth the specifics for the appointment of joint managing conservators and section 14.081 to set forth the specifics for modifying a joint managing conservatorship.

House Bill 617 also amended section 14.01(b) of the Family Code. Prior to the enactment of the bill, section 14.01(b) provided that one of the parents of a child would be appointed managing conservator of the child unless the court found that the best interest of the child would not be served by such an appointment. In other words, section 14.01(b) stated a preference or presumption in favor of having a parent appointed managing conservator for a child, rather than a state agency, a grandparent, another relative, or some other person. Specifically, House Bill 617 amended the parental preference language in section 14.01(b) to allow the possibility that the trial court might appoint the parents to be joint managing conservators of their child, rather than appointing one parent to be sole managing conservator.

Section 4 of the introduced version of House Bill 617 provided as follows:

This Act takes effect September 1, 1987, and applies to suits filed, or motions or petitions for modification of decrees made, on or after that date. The law in effect immediately before the effective

date of this Act is continued in effect for the disposition of those suits, motions, and petitions pending on the effective date of Act.

However, among its changes, the House Judiciary Committee deleted this language from the bill and substituted the following language as Section 8:

This Act takes effect September 1, 1987.

That language was carried forward in the enacted or "enrolled" version of House Bill 617 as Section 11.

Apparently, in order to prevent trial courts from being flooded with motions to modify conservatorship filed by divorced parents seeking to have decrees ordering traditional sole managing conservatorships modified so as to provide for joint managing conservatorships, House Bill 617 expressly provided that the change in the law to permit the parents to be appointed joint managing conservators, without agreement by the parents, does not constitute a material and substantial change of circumstances so as to allow modification of an existing sole managing conservatorship. Tex.Fam. Code Ann. § 14.08(h).

As originally introduced in the House, House Bill 614 was more limited in scope. It amended section 14.01(b), the parental preference subsection of the Family Code, to compel courts to consider evidence of the intentional use or threat of physical force by a parent against that parent's spouse or former spouse or against a minor. The introduced version of this amendment was changed by the House Judiciary Committee to compel the trial judge to consider this type of evidence *only* if committed within a two-year period preceding the filing of petition for divorce or during the pendency of the divorce suit.

House Bill 614 was amended again in the House to include a provision amending section 15.02 of the Family Code. This amendment had to do with notice to grandparents of an action for termination of parental rights.

The Senate Jurisprudence Committee also amended House Bill 614. Its version is the enacted version of House Bill 614. The first time any language concerning joint managing conservatorship appeared in House Bill 614 was when the Senate Jurisprudence Committee added a phrase referring to the possibility of both parents being appointed to be joint managing conservators.

It is worthy of note that at the time the reference to joint managing conservators was added to House Bill 614 by the Senate Jurisprudence Committee, House Bill 617 had already passed both the House and Senate. At that time, House Bill 617 had amended section 14.01(b) to express the parental preference in terms of either a parent as sole managing conservator or parents as joint managing conservators. Appellee argues that it is reasonable to assume that the Senate Jurisprudence Committee added this language from House Bill 617 to House Bill 614 so that House Bill 614 would be consistent with House Bill 617. The Senate Jurisprudence Committee also limited the scope of House Bill 614 by deleting the amendment to section 15.02 of the Family Code.

The introduced version of House Bill 614 contained the following language at Section 2:

This Act takes effect September 1, 1987, and applies to a suit effecting the parent-child relationship commenced on or after that date. A suit affecting the parent-child relationship commenced before the effective date of this Act is governed by the law in effect at the time the suit was commenced, and that law is continued in effect for this purpose.

This language was never amended and was part of the enacted version of House Bill 614.

It thus appears that House Bill 614 was enacted for the specific and limited purpose of compelling trial courts, in determining managing conservatorships, whether sole or joint, to consider evidence of the intentional use of abusive physical force against his or her spouse within the specified period. It further appears, then, that the specification of the effective date of implementation contained in that bill was intended to apply only to the consideration by the trial

court of the type of evidence specified in the bill.

House Bill 617 was wider in scope than House Bill 614 and substantially amended the Family Code to allow trial courts the option of considering the appointment of parents as joint managing conservators of their children even without an agreement of those parents. The only limitation contained in the bill was the provision, noted above, that the change allowing appointment of joint managing conservators without consent did not constitute such a material and substantial change of circumstances as to warrant the filing of motions to modify based solely upon that change.

As we observed above, the final version of House Bill 617 simply provided that it would become effective September 1, 1987, without provision as to whether or not it affected cases commenced prior to that time. However, we think it is significant that in the evolutionary process of the bill the introduced provision limiting the applicability of the bill to "suits filed, or motions or petitions for modification of decrees" made on or after September 1, 1987, was deleted.

The deletion of a provision in a pending bill discloses a legislative intent to reject the proposal, *Smith v. Baldwin,* 611 S.W.2d 611, 617 (Tex.1980), and Courts should be slow to put back that which the legislature has rejected. *Transportation Ins. Co. v. Maksyn,* 580 S.W.2d 334, 338 (Tex.1979). Bearing in mind those admonitions, the deletion is significant and discloses a legislative intent that the application of the changes contained in that bill would not be limited to cases filed on or after September 1, 1987. *See Grasso v. Cannon Ball Motor Freight Lines,* 125 Tex. 154, 81 S.W.2d 482 (Comm'n App.1935, opinion adopted).

■ Parenthetically, we have noted appellant's reliance upon the conclusion in an Attorney General letter opinion dated September 6, 1988. In that opinion, the Attorney General concluded that the change effected by House Bill 617 would apply only prospectively. However, in reaching that conclusion, the Attorney General relied upon the common law rule of statutory construction, also expressed in the Code Construction Act, that in the absence of intent that the legislature intended for a statute to apply retroactively, it will operate prospectively only. *See State v. Humble Oil & Refining Co.,* 141 Tex. 40, 169 S.W.2d 707 (1943); *Lubbock Ind. School Dist. v. Bradley,* 579 S.W.2d 78 (Tex.Civ. App.—Amarillo 1979, writ ref'd n.r.e.); Tex.Gov't Code Ann. § 311.022 (Vernon 1988). We disagree with that conclusion. For the reasons expressed above, by its removal of the "prospective only" language in House Bill 617, we find clear legislative intent to allow its application to pending suits such as the instant one.

Therefore, the trial court's action in appointing the parties as joint managing conservators was within its permissible discretion. We overrule appellant's point of error and affirm the judgment of the trial court.

## ON MOTION FOR REHEARING

Appellant Rosemary Willis Roach, in her motion for rehearing, has raised three points of error. In those points, she says we erred in (1) affirming the trial court judgment because Texas law did not permit the appointment of joint managing conservators without joint written agreement on the date of commencement of this suit; (2) holding that the legislative amendments to Chapter 14 of the Texas Family Code providing for appointment of joint managing conservators without the written agreement of the parties could be retroactively applied to actions commenced before September 1, 1987, in violation of the Code Construction Act and the Texas Constitution; and (3) holding that the amendments could be retroactively applied to actions commenced before September 1, 1987, since the amendments are unconstitutional if applied retroactively as ex post facto laws.

In argument under her first point, appellant simply reurges the authorities and arguments we previously set out and discussed in our initial opinion. We continue to believe our holding correct and we overrule appellant's first point.

Appellant briefs and argues jointly her second and third points. We will consider and discuss them together. The thrust of her argument under these points is that for this Court to hold the amendments may be applied to a suit already pending at the time of their adoption would be to take away or impair a vested right belonging to appellant at such time. That being the case, she reasons, such an interpretation would violate the prohibition in Texas Constitution, art. I, section 16, against the enactment of retroactive or ex post facto laws. Moreover, she says, that interpretation not only violates the provision of the Code Construction Act (Tex. Gov't Code Ann. §§ 311.001 *et seq.*) that a statute is presumed to be prospective unless expressly made retrospective but, because a retrospective application makes the amendments unconstitutional, such a construction does not effectuate the provision of section 311.023 of the Code requiring that the consequences of a particular construction be considered.

The basic premise of appellant's ingenious argument is that prior to the effective date of the amendments "both Appellant and Appellee herein were entitled to a judicial determination of *sole* managing conservatorship with the respective obligations and duties associated therewith," and, she says, the right to appointment as sole managing conservator can hardly be classified as a mere remedy.

It is established that, although as a general rule, statutes operate prospectively, the exception, as well established as the rule, is that such statutes may operate retrospectively when that was the legislative intent, provided no impairment of vested right results. *Cox v. Robison*, 105 Tex. 426, 150 S.W. 1149, 1156 (1912). Therefore, mere retroactivity is not sufficient to invalidate a statute and retroactive laws have usually been upheld if the change is merely a change in a remedy, and condemned if the change is a change that destroys a vested right. *Aetna Ins. Co. v. Richardelle*, 528 S.W.2d 280, 284 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). In the seminal case of *Mellinger v. City of Houston*, 68 Tex. 37, 3 S.W. 249 (1887), the Court said:

> Facts may exist out of which, in the course of time or under given circumstances, a right would become fixed or vested by operation of existing law, but until the state of facts which the law declares shall give a right comes into existence there cannot be in law a right; and for this reason it has been constantly held that, until the right becomes fixed or vested, it is lawful for the law-making power to declare that the given state of facts shall not fix it, and such laws have been constantly held not to be retroactive in the sense in which that term is used.

*Id.,* 3 S.W. at 253.

■ A retroactive law does not transgress the constitutional pale unless it can be shown that the application of the law would take away or impair vested rights acquired under existing law. *McCain v. Yost*, 155 Tex. 174, 284 S.W.2d 898, 900 (1955). The right of appellant to be considered for appointment by the district court as sole managing conservator was not taken away or impaired by the amendments here in question. The entitlement of appellant to be sole managing conservator would not become fixed or vested within the constitutional purview until and unless she was so appointed by the court. Such an appointment, of course, had not occurred by the effective date of the amendments.

Our interpretation of the effect of the amendments would not result in the deprivation or impairment of any vested right of appellant and does not violate either statutory or constitutional limitations. Appellant's second and third points are overruled together with her motion for rehearing.