OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 29, 2002

The Honorable J. E. "Buster" Brown
Chair, Committee on Natural Resources
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0509

Re: Whether section 402.909 of the Local Government Code is applicable to the San Antonio Water System, and related questions (RQ-0489-JC)

Dear Senator Brown:

You have requested our opinion regarding the proper construction of a statute, enacted by the Seventy-seventh Legislature as section 402.909 of the Local Government Code, that places certain restrictions upon a municipal water system's authority to contract with former members of the board of the water system. Specifically, you ask whether the statute applies to the San Antonio Water System (SAWS), which was established in 1992. If the statute is applicable to SAWS, you ask two other questions about the authority of SAWS to contract with a former board member, or a law firm that employs him, under particular circumstances. For the reasons set forth below, we conclude that section 402.909 has no application to SAWS.

You indicate that in 1992 the City of San Antonio adopted an ordinance that "combined three water-related functions owned and operated by the city into a single system, the San Antonio Water Systems (SAWS), and established a board of trustees to manage the system."[1] The city council appointed a certain member to the board in September 1998. That member resigned effective April 18, 2001. *See* Request Letter, *supra* note 1, at 1. You state that, "[u]nder applicable city ordinance and SAWS bylaws, no holding over applies to resigning board members and a vacancy is created on the effective date of a member's resignation, in this case, on April 18, 2001." *Id.* In any event, on May 17, 2001, the city council appointed another individual to fill the vacancy created by the resignation. *See id.* "On June 18, 2001, the former board member began employment with a law firm which is interested in being considered to perform legal services for SAWS." *Id.* at 2.

Section 402.909 of the Local Government Code is entitled, "Prohibited Employment of or Contracting With Former Trustee or Board Member" and provides:

---

[1]Letter from Honorable J. E. "Buster" Brown, Texas State Senator, to Honorable John Cornyn, Texas Attorney General, at 1 (Jan. 3, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

> (a) *This section applies to a municipality that creates a board of trustees or other board to manage and control a water, wastewater, storm water, or drainage utility system that the municipality owns.*
>
> (b) The municipality or a board of trustees or other board described by Subsection (a) may not employ or contract with an individual who was a member of the board before the second anniversary of the date the individual ceased to be a member of the board.

TEX. LOC. GOV'T CODE ANN. § 402.909 (Vernon Supp. 2002) (emphasis added).

Subsection (a) of section 402.909 specifically declares that it "applies to a municipality that *creates* a board of trustees." (emphasis added). Section 311.012(a) of the Government Code, which is part of the Code Construction Act, provides that "[w]ords in the present tense include the future tense." This rule of construction does not indicate, however, that the present tense includes the *past* tense or the *perfect* tense. TEX. GOV'T CODE ANN. § 311.012(a) (Vernon 1998). Had it intended that meaning, the legislature might easily have used the term "*has created or shall create*" instead of the single verb "creates." The legislature might also have chosen to use the verb "operates." "Operates" implies an ongoing activity. *See* X OXFORD ENGLISH DICTIONARY 847 (2d ed. 1989) ("Operate" means "[t]o be in working, exercise force or influence, produce an effect, act, work."). "Creates," on the other hand, suggests a one-time event. *See* III OXFORD ENGLISH DICTIONARY 1134 (2d ed. 1989) ("Creates" means "[t]o bring into being, cause to exist; *esp* to produce where nothing was before . . . ."). Section 311.011(a) of the Government Code provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." *Id.* § 311.011(a). Consequently, subsection (a) of section 402.909 would seem on its face to apply only to a municipality that creates the relevant board of trustees on or after the effective date of the statute. Section 43 of Senate Bill 1444, which enacted section 402.909 of the Local Government Code, provides:

> SECTION 43. This Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution. If this Act does not receive the vote necessary for immediate effect, this Act takes effect September 1, 2001.

The bill did in fact pass both houses of the legislature with a greater than two-third's majority, and as a result, became effective on June 17, 2001. *See* Act of May 26, 2001, 77th Leg., R.S., ch. 1423, §§ 38, 43, 2001 Tex. Gen. Laws 5069, 5078, 5080.

Although retroactive laws are prohibited by article I, section 16 of the Texas Constitution, this provision "operates only to prohibit the application of statutes which disturb vested, substantive rights." *Ibarra v. State*, 11 S.W.3d 189, 192 (Tex. Crim. App. 1999). *See McCain v. Yost*, 284 S.W.2d 898 (Tex. 1955); *Southwestern Bell Tel. Co. v. Pub. Util. Comm'n*, 615 S.W.2d 947, 956

(Tex. Civ. App.–Austin 1981, writ ref'd n.r.e.). In our view, there can be no doubt that the legislature could have made section 402.909(a) applicable to a board created in 1992. Application of the statute to boards created before 2001 would not have impaired vested or substantive rights. But the legislature did not explicitly opt to apply the statute in a retroactive manner.

Section 311.022 of the Government Code declares: "A statute is presumed to be prospective in its application unless expressly made retrospective." TEX. GOV'T CODE ANN. § 311.022 (Vernon 1998). As the court stated in *Reames v. Police Officers' Pension Bd.*, 928 S.W.2d 628 (Tex. App.–Houston [14th Dist.] 1996, no writ):

> In Texas, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Texas law strongly militates against the retroactive application of laws. *Houston Indep. Sch. Dist. v. Houston Chronicle Publishing Co.*, 798 S.W.2d 580, 585 (Tex. App.–Houston [1st Dist.] 1990, writ denied). Texas courts apply statutes retroactively only if "it appears by fair implication from language used that it was the intention of the Legislature to make it applicable to both past and future transactions." *State v. Humble Oil & Refining Co.*, 141 Tex. 40, 169 S.W.2d 707, 708-09 (1943).

*Id.* at 631 (citation omitted). Furthermore, "[t]he general rule is that there exists a presumption that an act is intended to operate prospectively and not retroactively. If there is any doubt, the intention will be resolved against retrospective operation of a statute." *Ex parte Abell*, 613 S.W.2d 255, 258 (Tex. 1981). Although there can be no doubt that the legislature *could*, without violating article I, section 16 of the Texas Constitution, have applied section 402.909 to boards created before the effective date of the statute, the fact remains that the legislature did not in plain language explicitly do so. Because it must be presumed that a statute is to operate prospectively only, we believe it follows that section 402.909 ought to be deemed to operate prospectively only. As a result, section 402.909 of the Local Government Code is not applicable to the board of trustees of the San Antonio Water System.

Nothing in the legislative history suggests a contrary construction. This statute was originally proposed in the House of Representatives as one of a group of floor amendments to Senate Bill 1444, a bill "relating to the general powers and authority of water districts." Tex. S.B. 1444, 77th Leg., R.S. (2001). Amendment three, which became section 402.909, was offered by Representative Robert Puente and was adopted without objection in the House. *See* H.J. OF TEX., 77th Leg., R.S. 3170 (2001). The Senate refused to concur in the House amendments and requested a conference committee. *See* S.J. OF TEX., 77th Leg., R.S. 2506 (2001). The conference committee report on Senate Bill 1444, including the amendment under consideration here, described therein as section 38 of the bill, was adopted by both houses on May 26, 2001. Senate Bill 1444 became effective on June 17, 2001. On June 19, 2001, the Senate Research Center filed its bill analysis of the enrolled version of Senate Bill 1444. The bill analysis contains an almost verbatim summary of

section 38, but offers no additional comment. *See* SENATE COMM. ON NATURAL RESOURCES, BILL ANALYSIS, Tex. S.B. 1444, 77th Leg., R.S. (2001).

Because we conclude that section 402.909 is not applicable to the board created on behalf of the San Antonio Water System, we need not address your second and third questions.

## S U M M A R Y

Section 402.909 of the Local Government Code, which places certain restrictions upon a municipal water system's authority to contract with former members of the board of the water system, is prospective in its application and therefore does not apply to the San Antonio Water System created in 1992.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee