NO. 12-08-00356-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


IN THE MATTER OF
§
 APPEAL FROM THE SECOND


T.L.S., II,
§
 JUDICIAL DISTRICT COURT


A JUVENILE
§
 CHEROKEE COUNTY, TEXAS

 

OPINION


 T.L.S., II appeals the juvenile court's order transferring him from the Texas Youth
Commission to the Institutional Division of the Texas Department of Criminal Justice. In one issue,
he complains that the court lacked jurisdiction to order the transfer. We affirm.


Background


 On December 6, 2005, the district court in Cherokee County, acting as the county's juvenile
court, adjudicated T.L.S. to be a juvenile delinquent, assessed a determinate sentence of twelve
years, and placed him in the custody of the Texas Youth Commission (TYC). In August 2007, the
State filed a petition to transfer T.L.S. to the Institutional Division of the Texas Department of
Criminal Justice (TDCJ) to complete his sentence. T.L.S. filed a plea to the jurisdiction, arguing that
the trial court was without jurisdiction to grant the State's petition because he was past his nineteenth
birthday. The trial court held a hearing on August 8, 2008. Following that hearing, the trial court
denied T.L.S.'s plea to the jurisdiction and ordered that he be transferred to TDCJ to complete his
sentence. This appeal followed.


Jurisdiction

 In his sole issue, T.L.S. argues that the juvenile court had no jurisdiction to order that he be
transferred to TDCJ.

Standard of Review

 A plea to the jurisdiction is "a dilatory plea which seeks dismissal of a case for lack of subject
matter jurisdiction." Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004) (citing Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000)). Such a plea "challenges the trial court's
authority to determine the subject matter of a specific cause of action." Fowler v. Tyler Indep. Sch.
Dist., 232 S.W.3d 335, 337 (Tex.App.-Tyler 2007, pet. denied). We review a challenge to a trial
court's subject matter jurisdiction de novo. Id.; see also Tex. Dep't Parks & Wildlife v. Miranda,
133 S.W.3d 217, 228 (Tex. 2004).

 We also review matters of statutory construction de novo. See City of San Antonio v. City
of Boerne, 111 S.W.3d 22, 25 (Tex. 2003). In construing a statute, our objective is to determine and
give effect to the legislature's intent. Id. We begin with the "plain and common meaning of the
statute's words," and we review the entire act to determine legislative intent. Id.; In re T.G., No.
03-07-00543-CV, 2008 Tex. App. LEXIS 4551, at *14-15 (Tex. App.-Austin June 19, 2008, pet.
denied) (mem. op.). 

Applicable Law and Analysis

 Prior to June 2007, a person who received a determinate sentence (1) from a juvenile court was
subject to being transferred from a TYC facility to a TDCJ facility to complete his sentence on or
before his twenty-first birthday. See Act of May 27, 1995, 74th Leg., R.S., ch. 262, §§ 61, 64,
1995 Tex. Gen. Laws 2517, 2572, 2573-74 (current versions at Tex. Hum. Res. Code Ann.
§§ 61.079(a), 61.084(g) (Vernon Supp. 2008)). In 2007, the legislature passed Senate Bill 103,
which made several changes to the Juvenile Justice Code including reducing the age before which
a person must be transferred to TDCJ from twenty-one years of age to nineteen. See Act of May
25, 2007, 80th Leg., R.S., ch. 263, §§ 50, 53, 2007 Tex. Gen. Laws 421, 446-47 (amending Tex.
Hum. Res. Code Ann. § 61.079), 449 (amending Tex. Hum. Res. Code Ann. § 61.084); In re T.G.,
2008 Tex. App. LEXIS 4551, at *3. Under both the previous statutory scheme and the amended
scheme, a person serving a determinate sentence is automatically released to TDCJ to be placed on
parole when he reaches the relevant birthday (twenty-first or nineteenth depending on the scheme)
if the state has not acted to secure an order transferring the individual to TDCJ for incarceration. Id.;
Tex. Hum. Res. Code Ann. § 61.084(g) (Vernon Supp. 2008).

 T.L.S. turned nineteen prior to the passage of Senate Bill 103 and is in a cohort of 159
individuals (2) who were nineteen or older at the time the law changed. He contends that the relevant
statutory changes made by Senate Bill 103 should be construed to have retrospective application. 
Accordingly, T.L.S. argues that the trial court lacked jurisdiction to hear his case because he had
reached his nineteenth birthday before the State began the proceeding to transfer him to TDCJ for
incarceration. Consequentially, he argues, he must be transferred to TDCJ to be released on parole. 
 "A statute is presumed to be prospective in its operation unless expressly made
retrospective." Tex. Gov't Code Ann. § 311.022 (Vernon 2005); see also Tex. Const. art. I, § 16
("No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of
contracts, shall be made."). And statutes are applied retrospectively only if the statutory language
provides that the legislature intended that the statute be retroactive. See Merchants Fast Motor
Lines, Inc. v. Railroad Comm'n, 573 S.W.2d 502, 504 (Tex. 1978); State v. Humble Oil & Ref.
Co., 169 S.W.2d 707, 708-09 (Tex. 1943). (3) 

 Some of the amendments contained in Senate Bill 103 are specifically prospective in
application. See, e.g., Act of May 25, 2007, 80th Leg., R.S., ch. 263, § 67, 2007 Tex. Gen. Laws
421, 455 (affecting Tex. Fam. Code Ann. § 54.052 (Vernon 2008) and Tex. Hum. Res. Code Ann.
§ 61.0841(c) (Vernon Supp. 2008)). These amendments address computation of credit for time spent
in a detention facility for individuals with determinate sentences and do not address issues that are
relevant here. Another part of the amended statutory scheme directs that it is specifically
retrospective. See Act of May 25, 2007, 80th Leg., R.S., ch. 263, § 65, 2007 Tex. Gen. Laws 421,
455. This section directs that all persons committed to TYC for the commission of a misdemeanor
level offense are to be discharged from TYC not later than their nineteenth birthday. See id.; In the
Matter of J.J., 276 S.W.3d 171, 176 (Tex.App.-Austin 2008, pet. denied).

 T.L.S. contends the retrospective application of the statute releasing misdemeanor level
offenders who are beyond the age of nineteen is support for his position that all provisions of the
amended statute must be given retrospective application. In fact, the pinpoint directive to treat the
amendments for misdemeanor level offenders retrospectively demonstrates the opposite point. The
legislature specifically required the immediate discharge of misdemeanor level offenders who were
over the age of nineteen but made no similar provision for those assessed determinate sentences. 
This leads to a conclusion that the legislature was relying on the general rule of prospective
application of statutes, made exceptions when it intended for specific parts of the new statutes to
have retrospective application, and elected not to do so with respect to determinate sentence
offenders. See Matter of J.J., 276 S.W.3d at 176 (explicit retrospective application of sections
61.079(a) and 61.084(g) for those adjudicated on the basis of misdemeanor offenses "demonstrates
that the legislature knew how to make a provision retrospective"). 

 Furthermore, differentiation between these two groups of offenders is logical. Those with
determinate sentences have been found to have committed what would be very serious (4) offenses if
committed by an adult. Indeed the title of section 61.079 is "Referral of Violent and Habitual
Offenders for Transfer," and some of these offenders may have been assessed sentences as long as
forty years. See Tex. Fam. Code Ann. § 54.04(d)(3)(A). It does not follow that because the
legislature specifically decided to release all misdemeanor level offenders who had reached the age
of nineteen, it also intended to release, without an opportunity for an individualized placement
determination, those found to have committed murder, sexual assault, or any of the other enumerated
offenses simply because those persons were over the age of nineteen when the legislation became
effective. 

 Finally, misdemeanor level offenders are not subject to being transferred to TDCJ when they
reach the age of maximum control. See Tex. Fam. Code Ann. § 53.045(a); Tex. Hum. Res. Code
Ann. § 61.084. Accordingly, the legislature's policy decision to immediately discharge those
individuals who had reached the age of nineteen did not take away the ability of the state to seek to
transfer these individuals to TDCJ for imprisonment because that was never an option for
misdemeanor level offenders. 

 A juvenile court has "exclusive original jurisdiction over proceedings under this title [the
Juvenile Justice Code]." Tex. Fam. Code Ann. § 51.04(a) (Vernon 2008). Significantly, the
juvenile court "retains jurisdiction over a person, without regard to the age of the person, who is
referred to the court under Section 54.11 for transfer to the Texas Department of Criminal Justice
or release under supervision." Tex. Fam. Code Ann. § 51.0411 (Vernon 2008). The legislature did
not amend or alter any of the express terms of these provisions, and a prospective application of the
changes to the underlying statutes means that the juvenile court retained jurisdiction to determine
whether T.L.S. should be transferred to TDCJ. See Matter of J.J., 276 S.W.3d at 175. Other courts
that have considered this specific issue have concluded that the amended statutes applied
prospectively and did not affect the jurisdiction of the juvenile court to consider whether to order
individuals in this cohort to be transferred to TDCJ. See In re J.J., 276 S.W.3d at 176; In re T.G.,
2008 Tex. App. LEXIS 4551, at *20. We agree with those decisions. Accordingly, we hold that the
trial court properly denied T.L.S.'s plea to the jurisdiction. We overrule T.L.S.'s sole issue.


Disposition

 Having overruled, T.L.S.'s sole issue, we affirm the judgment of the trial court.


 

 SAM GRIFFITH 

 Justice



Opinion delivered August 19, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.




























(PUBLISH)
1. A determinate sentence is for a specific term of years and is given to a juvenile offender for the
commission of what would be a serious offense if committed by an adult. See Tex. Fam. Code Ann. § 54.04 (d)(3),
(m) (Vernon 2008) (referencing Tex. Fam. Code Ann. § 53.045(a) (Vernon 2008) (listing specific offenses for
which determinate sentencing may be assessed)); see also Robert Dawson, Texas Juvenile Law 421-25 (6th ed.
2004) (cited in In re J.J., 276 S.W.3d 171, 173 n.1 (Tex. App.-Austin 2008, pet. denied) (stating that a determinate
sentence is usually reserved for violent or habitual juvenile offenders)). 
2. See In re T.G., 2008 Tex. App. LEXIS 4551, at *13.
3. T.L.S. acknowledges the general rule that statutes are presumed to be prospective in application. He
argues that the changes here fit an exception to that rule because they are "merely procedural or remedial." See, e.g.,
State v. Fid. and Deposit Co. of Md., 223 S.W.3d 309, 311 n.2 (Tex. 2007). We disagree. The amendments, if
applied retrospectively, are not merely procedural or remedial because they would strip the state of the ability to seek
an individualized determination of where individuals such as T.L.S. are to be controlled. Cf. Subaru of Am., Inc. v.
David McDavid Nissan, Inc., 84 S.W.3d 212, 222-23 (Tex. 2002) (change to statute is procedural and remedial
because it did not "affect any vested rights . . . ."). Under both the past and current schemes, the legislature provided
for the possibility of such an individualized review, changing only the end date by which the state must seek it. 
Therefore, we cannot conclude that such a change-a departure from the individualized review allowed for every
other determinate sentence-is merely procedural and remedial in nature with respect to this cohort of individuals. 
4. See Tex. Fam. Code Ann. § 53.045(a) (determinate sentences possible for habitual offenders or those
who have committed what would be a violation of the statutes prohibiting murder, capital murder, manslaughter,
aggravated kidnapping, sexual assault, aggravated assault, aggravated robbery, injury to a child, elderly individual,
or disabled individual, felony deadly conduct involving discharging a firearm, certain first degree or aggravated
controlled substance felonies, criminal solicitation, indecency with a child, criminal solicitation of a minor, criminal
attempt of the offenses of murder, capital murder, or other specific violent offenses, arson if it causes bodily injury or
death, or criminal conspiracy to commit one of the other listed offenses.)